[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE THIRD PARTY PLAINTIFF'S COMPLAINT NO. 119
On May 15, 1989, plaintiffs Andrew S. Groher and Linda S. Groher (Grohers), filed a one count complaint against defendants Stephen Zwerling (Zwerling) and Brenda Woodward (Woodward). The Grohers allege that Zwerling and Woodward breached their real estate contract with the Grohers by failing to repave the driveway on property sold to the Grohers by Zwerling and Woodward. The plaintiffs seek money damages.
On June 7, 1990, defendants Zwerling and Woodward filed a motion to implead C D Construction, Inc. (C D) and a third party complaint. On June 18, 1990, defendants' motion was granted by the court, Freed, J. Zwerling and Woodward seek indemnification from C D for any judgment that may be rendered against them in favor of the Grohers.
On October 5, 1990, Zwerling and Woodward filed an amended third party complaint in which they allege that if any promise was made to the Grohers to repave the driveway, as alleged in the Grohers' complaint, said promise was made based upon the negligent representation of C D that the driveway would be repaved. Zwerling and Woodward further allege that C D was in control of the situation and that they had no reason to know that C D's representation was negligently made. Zwerling and Woodward seek indemnification from any judgment that may be rendered against them in favor of the Grohers.
On October 12, 1990, C D filed a motion to strike the CT Page 3103 amended third party complaint for failure to state a claim upon which relief can be granted with reference to an attached memorandum of law. Zwerling and Woodward have filed a memorandum in opposition to C D's motion to strike as required by Conn. Practice Book 155.
A motion to strike is properly used to challenge the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142 (1989). Section 154 of the Connecticut Practice Book requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each such claimed insufficiency, Blancato v. Felspar Corporation, 203 Conn. 34,36 n. 3 (1987). Where the nonmoving party fails to object to the moving party's failure to distinctly specify the reason for the claimed insufficiency in the motion to strike, the court may consider the merits of the motion, for Practice Book 154 is not considered jurisdictional in nature. Morris v. Hartford Courant Co. 200 Conn. 676, 683 n. 5 (1986).
Although C D's motion to strike Zwerling and Woodward's third party complaint does not specify the reasons for the claimed insufficiency, Zwerling and Woodward have not objected to the form of C D's motion. Under the holding of Morris v. Hartford Courant Co., the court may address the merits of C D's motion.
In the first of two memoranda of law in support of its motion to strike, filed on September 24, 1990, C D argues that, assuming the facts alleged in the third party complaint to be true, third party plaintiffs Zwerling and Woodward have failed to state a sufficient tort claim or cause of action against C D. C D argues that third party plaintiffs have failed to allege a duty owed to them by C D or the breach of any duty.
Zwerling and Woodward argue in opposition to C D's motion to strike that their third party complaint states a good cause of action for indemnification based on the theory of active/passive negligence. They argue further that they have alleged the necessary elements of a cause of action for indemnification.
In C D's supplemental memorandum of law received in court on November 13, 1990, C D addresses additional grounds for granting its motion to strike. C D argues first that the theory of primary/secondary negligence by definition requires negligence on the part of both defendants, here Zwerling and Woodward and C D. C D questions how C D can be primarily negligent and Zwerling and Woodward secondarily negligent when the Grohers do not allege negligence against Zwerling and CT Page 3104 Woodward. C D thus argues that it cannot be liable to Zwerling and Woodward under an indemnification theory for negligent misrepresentation, and the third party complaint should therefore be stricken for failure to state a claim upon which relief may be granted.
C D next argues that should the court find that the theory of active/passive negligence applies, third party plaintiffs have failed to state a claim upon which relief may be granted, for even if C D represented that the driveway would be repaved, such a negative statement as alleged is not actionable.
C D's third argument is that should the court find both the theories of active/passive negligence and negligent misrepresentation applicable, third party plaintiffs have not alleged all the necessary elements for primary negligence. C D argues that one necessary element of primary negligence is that the negligent party seeking indemnification did not know of the charged party's negligence. C D argues that third party plaintiffs cannot properly allege that they did not know of C D's negligent misrepresentation since the alleged misrepresentation was made to them.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701 (1988). A party may seek indemnification by way of impleading a third person pursuant to Conn. Gen. Stats. 52-102a. See Beaudoin v. Town Oil Co., 207 Conn. 575, 577 (1988). "Ordinarily there is no right of indemnity or contribution between joint tortfeasors." Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,412 (1965). One exception to this rule exists in tort actions involving allegations of active/passive negligence. Malerba v. Cessna Aircraft Co., 210 Conn. 189, 198 (1989), citing Kaplan, 152 Conn. at 415.
To plead active/passive negligence successfully the party seeking indemnification must allege, among others, facts sufficient to prove that the indemnitor's negligence, rather than the negligence of the indemnitee, was the direct, immediate cause of the injury. Kaplan v. Merberg Wrecking Corporation, 152 Conn. at 416.
In the present case, third party plaintiffs Zwerling and Woodward seek indemnification for any judgment that may be rendered against them in favor of first party plaintiff Grohers. As stated above and as alleged in the third party complaint, the Grohers have alleged a breach of contract action against Zwerling and Woodward, not a negligence action. CT Page 3105 Zwerling and Woodward's third party complaint is legally insufficient, for if negligence has not been alleged as to Zwerling and Groher, it could not be proved that C D's negligence rather than the negligence of Zwerling and Woodward caused Grohers' injury, and indemnification would not be available. C D's motion to strike the amended third party complaint is granted.
Because the third party complaint does not allege sufficient facts to support a cause of action in indemnification, the court does not address the additional grounds raised by C D.
Joseph B. Clark, J.