[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 1, 1994, the plaintiff, Edward L. Parsons, commenced this action by serving a copy of the original writ, summons, CT Page 377 complaint, and statement of amount in demand on the defendant, Connecticut Light and Power Company. The four count complaint alleges trespass, nuisance, violation of General Statutes 16-234, and inverse condemnation. The gravamen of the plaintiff's complaint is that the defendant's activities have exceeded the scope of an easement granted to it by the plaintiff.
The defendant now moves to dismiss the plaintiff's complaint on the grounds of the prior pending action doctrine. The defendant asserts that the plaintiff commenced a nearly identical lawsuit against the defendant in June 1993. That lawsuit was still pending on August 1, 1994, when the plaintiff initiated this action by instituting service of process on the defendant. The defendant, however, withdrew the prior action on August 12, 1994, the same day that the original writ, summons, and complaint in this action were filed with the court.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). "Connecticut does recognize the doctrine of `prior pending action,'. . . and prior to the adoption of the present rule as to motions to dismiss that doctrine supported a plea in abatement." Gerber Metal Supply Co.v. Radnor Manufacturing Inc, 2 CSCR 186, 187 (Healey, J. December 29, 1986). A motion to dismiss is the proper vehicle for asserting the doctrine of prior pending action because "[i]t has long been the rule that when two separate lawsuits are `virtually alike' the second action is amenable to dismissal by the court." (Citations and internal quotation marks omitted.) Beaudoin v. TownOil Co., 207 Conn. 575, 583, 542 A.2d 1124 (1988).
The prior pending action doctrine is a "`rule of justice and equity'" and is invoked when two separate lawsuits exist and the prior pending suit is between the same parties, is the same character, and has been brought to achieve the same objective.Halpern v. Board of Education, 196 Conn. 647, 652, 495 A.2d 264
(1985). "The policy behind the [doctrine] is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." Beaudoin v. Town Oil Co., supra,207 Conn. 588.
Under Connecticut's prior rules of procedure, courts held that "even though a former action is pending at the institution of a second action, if that former action is terminated at any time prior to the hearing on a plea in abatement in the second action, CT Page 378 the former action does not abate the second action." Gauchi v.Round Hill Dairy, Inc., 3 Conn. Sup. 14, 15 (Super.Ct. 1935);Blythe v. Rupf, 6 Conn. Sup. 195, 196 (C. P. 1938). More recently under our present rules of procedure, courts have refused to dismiss actions on the grounds of the prior pending action doctrine when the prior action was terminated or withdrawn before the hearing on the motion to dismiss. Gerber Metal Supply Co. v.Radnor Manufacturing Inc., supra, 2 CSCR 187; Michaely v. MianusMarine, Inc., 2 CSCR 836, 837 (June 10, 1987, West, J.);Leeb-Lundberg v. King, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 12 53 02 (November 13, 1992, Sylvester, J.); Tedford v. 1718 Boston Post Road Ltd.,8 CSCR 250 (January 14, 1993, Curran, J.).
In the present case, the plaintiff commenced the action by service of process on the defendant on August 1, 1994. The original writ, summons, and complaint were filed with the court on August 12, 1994. On that same date, the plaintiff withdrew the prior action by filing a withdrawal with the court. When the defendant filed their motion to dismiss, there was only one action pending before the court. The reasoning put forth by Judge Inglis in the Gauchi case and Judge Molloy in the Blythe case applies equally to a motion to dismiss as it does to a plea in abatement. Thus, even though a prior action was pending when the plaintiff initiated the second suit, the prior action was withdrawn before the hearing on the motion to dismiss, in fact before the motion to dismiss was filed, and therefore the prior action "does not abate the second action." Gauchi v. Round Hill Dairy, Inc., supra,3 Conn. Sup. 15. The prior pending action doctrine is not implicated in this action since the plaintiff withdrew its prior action against the defendant. Tedford v. 1718 Boston Post Road Ltd., supra, 8 CSCR 250.
For these reasons, the motion to dismiss is denied.
PICKETT, J.