BARBARA BEAUDOIN *v.* TOWN OIL COMPANY, INC.
(13296)

PETERS, C. J., HEALEY, CALLAHAN, GLASS and COVELLO, Js.

Argued March 8—decision released May 24, 1988

*William J. Melley III,* with whom were *Richard W. Gifford* and, on the brief, *Paul B. Groobert,* for the appellant (plaintiff).

*Jack G. Steigelfest,* with whom, on the brief, were *Robert P. Volpe* and *Constance L. Epstein,* for the appellee (defendant).

ARTHUR H. HEALEY, J. This appeal arises out of an action for indemnification filed by the plaintiff, Barbara Beaudoin, against the defendant, Town Oil Company, Inc. (Town Oil). This claim arises out of another action in which the plaintiff attempted to implead the defendant via a third party complaint requesting indemnification, but the trial court, *Kelly, J.,* granted the defendant's motion to strike the third party complaint. The plaintiff then filed the instant independent action on the same theory of indemnification and the court, *Kelly, J.,* granted a motion to strike that complaint. The plaintiff's appeal on the latter motion to strike is before us on this appeal. We find no error.

It is appropriate to set out the facts and procedural history as revealed by the pleadings in this case. The plaintiff and her former husband, Ronald Stavens, owned a house in Vernon in 1976, in which the defendant, pursuant to a contract signed by it and Stavens, installed urea formaldehyde foam insulation (UFFI). The defendant represented in the terms of the contract that the insulation was nontoxic, harmless and safe. Stavens subsequently transferred his interest in the property to the plaintiff incident to a divorce settlement. On September 23, 1983, the plaintiff sold the house to Thomas and Barbara Shubbuck. The Shubbucks filed an action against the plaintiff and other parties on April 9, 1985. In the first count of their third amended complaint, the Shubbucks alleged that Marilyn Kuhnly, individually and d/b/a Century 21, acted as the agent

in the 1983 sale of the property and, during the negotiations, had stated falsely "that the residence was insulated with a safe material and did not contain urea formaldehyde foam insulation." The second count, also against Kuhnly individually and d/b/a Century 21, alleged that Kuhnly's conduct had constituted an unfair trade practice prohibited by General Statutes § 42-110b. The third count against Barbara Beaudoin alleged that she and her former husband falsely or without knowing either the truth or falsity, while falsely assuming knowledge, had stated that the home had been insulated with materials other than UFFI. The fourth count, against Kuhnly individually and d/b/a Century 21, alleged that Kuhnly's false representations had been made wilfully or wantonly in reckless disregard of the rights of the Shubbucks.

In that action, Beaudoin moved to implead Town Oil as a third party defendant pursuant to General Statutes § 52-102a.[1] The court, *Kelly, J.,* granted Town Oil's motion to strike the third party complaint because the " 'plaintiff's [Shubbucks'] claim against' the defendant seller [Beaudoin] is one for misrepresentation of a material fact, while [Beaudoin's] claim against the third-party defendant [Town Oil] is one for a defective product. None of the allegations of the third-party complaint supports a claim that the third-party defendant is somehow liable for all or part of the seller's misrepresentation of material fact. Each claim is entirely

---

[1] General Statutes § 52-102a provides in part: "IMPLEADING OF THIRD PARTY BY DEFENDANT. RIGHTS AND REMEDIES OF THIRD-PARTY DEFENDANT. (a) A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded."

independent of the other." Beaudoin's motion for permission to amend the third party complaint was denied by the trial court, which then rendered judgment for Town Oil. Beaudoin has filed a timely appeal of this decision. The Shubbucks have also filed an independent action against the defendant Town Oil, seeking damages caused by the installation of UFFI.

The plaintiff then commenced the instant action by filing a six count complaint[2] against the defendant

---

[2] The six count complaint alleged:

"COMPLAINT

"FIRST COUNT

"1. By writ, summons and complaint returnable April 9, 1985, Thomas Shubbuck and Barbara Shubbuck commenced an action in the Superior Court for the Judicial District of New London against the plaintiff and others which action was later transferred to the Judicial District of Tolland. The third count thereof was directed against the plaintiff. Copy of said writ, summons and complaint is annexed hereto as Exhibit A.

"2. At all times relevant, the defendant, Town Oil Company, Inc., has been a corporation organized and existing under the laws of the State of Connecticut, with a principal place of business at 786 Silas Deane Highway, Wethersfield, Connecticut.

"3. The Shubbucks have alleged in the third count that the house that they purchased from the plaintiff on September 23, 1983, was insulated with urea formaldehyde foam insulation which they claim is defective, unreasonably dangerous and unhealthy and that as a result thereof, they have sustained damages.

"4. The insulation complained of by the Shubbucks was sold to the plaintiff, Barbara Beaudoin, and her then husband, Ronald Stavens, by the defendant, Town Oil Company, Inc., and installed by defendant, Town Oil Company, Inc., all pursuant to a contract dated September 7, 1976.

"5. The defendant, Town Oil Company, Inc., is a product seller within the meaning of Sec. 52-572m (a) of the C.G.S.

"6. If said insulation is defective as has been alleged by the Shubbucks in their complaint, then said insulation was defective within the meaning of Sec. 52-572[m] et seq. in one or more of the following respects, in that:

"(a) It contained dangerous or unhealthy ingredients as alleged by the Shubbucks which rendered it unreasonably dangerous to the plaintiff;

"(b) It was not accompanied by adequate warnings or instructions within the meaning of Sec. 52-572[m] sufficient to prevent the harm alleged by the Shubbucks or otherwise alert users or consumers of the product of its dangerous and unhealthy propensities;

"(c) As has been alleged by the Shubbucks, said insulation was in a defective and unreasonably dangerous condition and could not be used without

alleging that it was liable on the basis of the product liability act; General Statutes § 52-572m et seq.; strict

unreasonable risk of injury to persons coming into contact with it. Said insulation was expected to and did reach the plaintiff without substantial change in the condition from which it was manufactured and sold;

"(d) The defendant failed to warn or instruct the plaintiff that said insulation was dangerous and unhealthy as has been alleged by the Shubbucks;

"(e) The defendant, Town Oil Company, Inc., misrepresented to the plaintiff and the general public that the insulation in question was safe for use;

"(f) The defendant, Town Oil Company, Inc., failed to disclose to the plaintiff or the general public the dangerous propensities of said insulation as has been alleged by the Shubbucks;

"(g) The defendant, Town Oil Company, Inc., was negligent in that it failed to properly and adequately test said insulation prior to marketing it; in that said insulation was installed in a defective manner; in that it knew or should have known of the dangerous characteristics of said insulation yet continued its sale and distribution; in that it used improper materials in the composition of said insulation;

"(h) The defendant breached an implied warranty of merchantability in that said insulation was not of merchantable quality and fit for its intended purpose;

"(i) The defendant breached its express warranties that said insulation was safe and effective for its intended use.

"7. The insulation in question was not altered or modified in any way by the plaintiff or any other party from the condition in which it was manufactured and sold to the plaintiffs.

"8. By virtue of the above and the provisions of C.G.S. Sec. 52-572l et seq., the defendant is liable to the plaintiff for all or part of the damages alleged by the Shubbucks including personal injuries and property damage alleged in the third count of the Shubbucks' complaint.

"9. As a further result of said insulation's defective condition as alleged by the Shubbucks, the plaintiff has incurred costs and expenses of defending herself in the action brought by the Shubbucks. The plaintiff, Barbara Beaudoin, claims that the defendant, Town Oil Company, Inc., is liable to her for said costs and expenses of defending herself.

"10. The plaintiff's losses and damages were a direct result of the defendant's reckless disregard for the safety of the plaintiff and others.
"SECOND COUNT

"Paragraphs 1, 2, 3, 4 and 9 of the first count are hereby made paragraphs 1 through 5 inclusively of the second count as if fully set forth herein.

"6. The defendant is in the business of selling and installing insulation.

"7. The insulation sold and installed by the defendant was expected to and did reach the plaintiff and the Shubbucks without substantial change.

"8. Said insulation was in a defective and unreasonably dangerous condition.

"9. Said insulation was dangerous to an appreciable number of people.

liability, express and implied warranties, negligence and false representations. The plaintiff claimed indemnity for all or part of the damages alleged by the

"10. Said insulation allegedly caused physical harm to the Shubbucks.

"11. By virtue of the foregoing the defendant is strictly liable to the plaintiff for any injuries, losses, damages sustained by the Shubbucks and by the plaintiff as a result of the Shubbucks' law suit.

"THIRD COUNT

"Paragraphs 1, 2, 3, 4 and 9 of the first count are hereby made paragraphs 1 through 5 inclusively of the third count as if fully set forth herein.

"6. The defendant expressly warranted that the insulation was non-toxic and harmless and that it was safe.

"7. The plaintiff relied upon said warranty.

"8. The defendant breached its expressed warranty and as a result the Shubbucks commenced the aforesaid action against the plaintiff.

"9. The defendant was duly notified of said breach of warranty and said law suit within a reasonable time.

"FOURTH COUNT

"Paragraphs 1, 2, 3, 4 and 9 of the first count are hereby made paragraphs 1 through 5 inclusively of the fourth count as if fully set forth herein.

"6. The defendant impliedly warranted that said insulation was fit for the ordinary purpose for which it was intended and it was of measurable quantity.

"7. The plaintiff relied upon said warranties.

"8. The defendant breached said implied warranties in that said insulation was not of merchantable quality nor was it reasonably fit for its intended purpose and as a result the Shubbucks sued the plaintiff to the plaintiff's loss and damage.

"9. The defendant was duly notified of said breaches and said loss suit within a reasonable time.

"FIFTH COUNT

"Paragraphs 1, 2, 3, 4 and 9 of the first count are hereby made paragraphs 1 through 5 inclusively of the fifth count as if fully set forth herein.

"6. Said occurrences were due to the negligence of the defendant in one or more of the following respects:

"(a) It failed to exercise reasonable care to inform the plaintiff of said dangers.

"(b) It failed to properly inspect and test said insulation.

"(c) Although it knew or in the exercise of reasonable care should have known of the dangers inherent in said insulation, it failed to recall said insulation or to alert the plaintiff and her purchaser to the dangers of said insulation in accordance with its continuing duty.

"(d) It represented to the plaintiff that said insulation was non-toxic and harmless and otherwise safe when it knew or in the exercise of reasonable care should have known of its dangers.

Shubbucks, including the expenses incurred by her in defending the action by the Shubbucks.

The defendant then filed a motion to strike this action on the ground that the complaint failed "to state claims upon which relief may be granted in that [it fails] to state cognizable claims for indemnification and for the further reason that the Plaintiff should be collaterally estopped from claiming otherwise." The trial court, *Kelly, J.*, granted the motion to strike. The plaintiff filed a motion for articulation and the trial court's memorandum[3] opined that the plaintiff had not made

---

"SIXTH COUNT

"Paragraphs 1, 2, 3, 4 and 9 of the first count are hereby made paragraphs 1 through 5 inclusively of the sixth count as if fully set forth herein.

"6. The defendant represented to the plaintiff that said insulation was non-toxic and harmless and was safe.

"7. Said representations were false.

"8. The plaintiff relied upon said material representations.

"9. The plaintiff's losses and damages were a direct result of the defendant's reckless disregard for the safety of the plaintiff and others.

"WHEREFORE, the plaintiff claims:

"1. Money damages;

"2. Punitive damages;

"3. Reasonable attorney's fees"

[3] The trial court's memorandum on the motion to strike provided: "The plaintiff, Barbara Beaudoin, brings a six count complaint sounding [in] indemnification against the defendant, Town Oil Company, Inc. The plaintiff alleges that on April 9, 1985, Mr. and Mrs. Shubbuck filed suit against her alleging an action sounding in misrepresentation. A copy of the April 9, 1985 complaint is annexed to plaintiff's complaint. In the April 9, 1985 complaint, the Shubbucks allege that they bought a house from the plaintiff, and the plaintiff made false representations to the effect that the house did not contain urea formaldehyde foam insulation. In the present action the plaintiff brings an action for indemnification claiming that the defendant, Town Oil Company, Inc., installed the insulation and alleging a violation of the products liability act, strict liability, express and implied warranties and negligence.

"On April 2, 1987, the defendant moved to strike the complaint. The court, *Kelly, J.*, granted the motion without a written opinion on May 5, 1987. The plaintiff has now filed a motion for articulation.

"A motion to strike tests the legal sufficiency of a pleading. *Sheets* v. *Teddy's Frosted Foods, Inc.*, 179 Conn. 471, 472 [427 A.2d 385] (1980). A motion to strike admits all well pleaded allegations. *State* v. *Bashura*, 37

out a legally sufficient claim for indemnification for an exception to the general rule that there is no right to indemnity between joint tortfeasors, as outlined in *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 412, 207 A.2d 732 (1965). The conclusory memorandum did not point out which part of the four part *Kaplan* test that the plaintiff had failed to meet. Judgment was rendered for the defendant and this appeal followed.

The plaintiff claims on appeal that the trial court erred in holding that her complaint was legally insufficient to support an action for indemnification. Specifically, the plaintiff claims that: (1) the plaintiff and the defendant are not joint tortfeasors, and thus the general rule against indemnification does not apply; (2) even if the plaintiff and the defendant are joint tortfeasors, there are other applicable exceptions to the *Kaplan* rule, such as the one outlined in § 886B (2) of the Restatement (Second) of Torts; (3) the active/pas-

---

Conn. Sup. 745 [436 A.2d 785] (1981). The court must construe the facts in the complaint most favorably to the plaintiff. *Amodio* v. *Cunningham,* 182 Conn. 80 [438 A.2d 6] (1980).

"The defendant brings the motion to strike alleging that the plaintiff's complaint is legally insufficient to support an action for indemnification. Indemnity involves a claim for reimbursement in full from one where primary liability is claimed to rest. *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 412 [207 A.2d 732] (1965). Ordinarily there is no right of indemnity between joint tort-feasors. Id. An exception to the general rule is that one tort-feasor may seek indemnity from another if the latter was 'primarily' negligent and the former only 'secondarily' negligent. See *Fidelity & Casualty Co.* v. *Jacob Ruppert, Inc.,* 135 Conn. 307 [63 A.2d 849] (1949). One seeking indemnity on the ground of 'primary' negligence must show: (1) the indemnitor was negligent; (2) the indemnitor's negligence (rather than the indemnitee's) was the direct, immediate cause of the injury; (3) the indemnitor was in control of the situation to the exclusion of the indemnitee; and (4) the indemnitee did not know of the indemnitor's negligence, had no reason to anticipate it, and could reasonably rely on the indemnitor not to be negligent. *Kaplan* [v. *Merberg Wrecking Corporation,* supra, 416].

"Accordingly, the court concludes that the allegations in the complaint are legally insufficient to indemnify the plaintiff for her misrepresentations. The motion to strike the complaint is granted."

sive distinction under the *Kaplan* test is not applicable to an indemnity claim based on products liability;[4] and (4) even if the active/passive distinction under *Kaplan* applies, the plaintiff could be held liable for misrepresentations by Kuhnly, her former husband Stavens, and the defendant, thus making her conduct passive. In its brief, the defendant counters the plaintiff's arguments on indemnification and also asserts that the plaintiff should be collaterally estopped from relitigating the claim of indemnification since the issue was resolved by the trial court, *Kelly, J.,* when it dismissed the previous third party complaint. Although more properly understood as the "prior pending action doctrine" rather than collateral estoppel; see *Halpern* v. *Board of Education,* 196 Conn. 647, 652, 495 A.2d 264 (1981); we agree with the defendant that the trial court properly dismissed the plaintiff's complaint claiming indemnification.

"It has long been the rule that when two separate lawsuits are 'virtually alike' the second action is amenable to dismissal by the court. *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* 183 Conn. 108, 112, 438 A.2d 834 (1981)." *Solomon* v. *Aberman,* 196 Conn. 359, 382, 493 A.2d 193 (1985); *Halpern* v. *Board of Education,* supra. The prior pending action doctrine has evolved as "a rule of justice and equity"; *Hatch* v. *Spofford,* 22 Conn. 485, 494 (1853); and retains its vital-

---

[4] While this appeal was pending, this court released *Kyrtatas* v. *Stop & Shop, Inc.,* 205 Conn. 694, 695, 535 A.2d 357 (1988), where we held that the active/passive distinction does not apply in the context of a statutory product liability action. We concluded that the product liability act has abrogated common law principles in this area. Id., 702. The court, however, noted that its holding applied only to situations in which all potential defendants are parties to the suit. Id., 702 n.2. It also stated: "We noted in addition that this decision does not address the question of under what circumstances a party may seek indemnification for liability imposed upon him in a product liability suit through either a statutory or express contractual claim." Id., 703. Whether *Kyrtatas* controls this case is an issue whose resolution can await another day.

ity in this state in which "joinder of claims and of remedies is permissive rather than mandatory." *Solomon v. Aberman,* supra.

This rule of justice and equity is always applicable when two suits are virtually alike and are brought in the same jurisdiction. *Halpern* v. *Board of Education,* supra, 652–53; *Henry F. Raab Connecticut, Inc.,* supra, 112; *Dettenborn* v. *Hartford-National Bank & Trust Co.,* 121 Conn. 388, 392, 185 A. 82 (1936); *Hatch* v. *Spofford,* supra. We have explained the doctrine as follows: " 'It is so, because there cannot be any reason or necessity for bringing the second [lawsuit], and, therefore, it must be oppressive and vexatious.' " *Dettenborn* v. *Hartford-National Bank & Trust Co.,* supra, quoting *Hatch* v. *Spofford,* supra. " 'The rule forbidding the second action is not, however, one "of unbending rigor, nor of universal application, nor a principle of absolute law . . . ." Hatch* v. *Spofford,* [supra].' *Farley-Harvey Co.* v. *Madden,* 105 Conn. 679, 682, 136 A. 586 (1927); see *Brochin* v. *Connecticut Importing Co.,* 137 Conn. 350, 352, 77 A.2d 336 (1950); *Dettenborn* v. *Hartford-National Bank & Trust Co.,* supra, 393." *Henry F. Raab Connecticut, Inc.* v. *J. W. Fisher Co.,* supra, 113; *Halpern* v. *Board of Education,* supra, 653. "We must examine the pleadings to ascertain whether the actions are 'virtually alike.' See *Solomon* v. *Aberman,* supra, 383." *Halpern* v. *Board of Education,* supra.

In the third party complaint[5] to implead the defendant in the original action brought by the Shubbucks,

---

[5] The third party complaint provided:

"THIRD PARTY COMPLAINT

"1. By writ, summons and complaint returnable April 9, 1985, the plaintiffs commenced an action in the Superior Court for the Judicial District of New London, against Marilyn Kuhnly and Barbara Beaudoin. Said action was later transferred to the Judicial District of Tolland and an amended complaint was filed under date of March 29, 1985. The third count of that

the plaintiff alleged a product liability claim under General Statutes § 52-572m et seq. The complaint alleged

complaint is directed toward Barbara Beaudoin, the third party plaintiff herein. A copy of the amended complaint is attached as exhibit A.

"2. At all times relevant, the third party defendant, Town Oil Company, Inc., has been a corporation organized and existing under the laws of the State of Connecticut, with a principal place of business at 786 Silas Deane Highway, Wethersfield, Connecticut.

"3. The plaintiffs [Thomas and Karen Shubbuck] have alleged in paragraphs 6, 7, 8, 9 and 10 of the third count of the amended complaint that the house that they purchased from this third party plaintiff [Barbara Beaudoin] on September 23, 1983, was insulated with urea formaldehyde foam insulation which they claim is defective, unreasonably dangerous and unhealthy and that as a result thereof, they have sustained damages.

"4. The insulation complained of by the plaintiffs was sold to the third party plaintiff herein, Barbara Beaudoin, and her then husband, Ronald Stavens, by the third party defendant, Town Oil Company, Inc., and installed by said third party defendant, Town Oil Company, Inc., all pursuant to a contract dated September 7, 1976.

"5. The third party defendant, Town Oil Company, Inc., is a product seller within the meaning of Sec. 52-572m (a) of the C.G.S.

"6. If said insulation is defective as has been alleged by the plaintiffs in the third count of their complaint, then said insulation was defective within the meaning of Sec. 52-572[m] et seq. in one or more of the following respects, in that:

"(a) It contained dangerous or unhealthy ingredients as alleged by the plaintiffs which rendered it unreasonably dangerous to the plaintiffs, the third party plaintiff, and others coming into contact with it;

"(b) It was not accompanied by adequate warnings or instructions within the meaning of Sec. 52-572[m] sufficient to prevent the harm alleged by the plaintiffs or otherwise alert users or consumers of the product of its dangerous and unhealthy propensities;

"(c) As has been alleged by the plaintiffs, said insulation was in a defective and unreasonably dangerous condition and could not be used without unreasonable risk of injury to the third party plaintiff, the plaintiff[s] and others coming into contact with it. Said insulation was expected to and did reach the third party plaintiff without substantial change in the condition from which it was manufactured and sold;

"(d) The third party defendant failed to warn or instruct the third party plaintiff that said insulation was dangerous and unhealthy as has been alleged by the plaintiffs;

"(e) The third party defendant, Town Oil Company, Inc., misrepresented to the third party plaintiff and the general public that the insulation in question was safe for use;

"(f) The third party defendant, Town Oil Company, Inc., failed to dis-

that: the third party defendant (defendant) had failed to warn the third party plaintiff (plaintiff) about the defective insulation; the defendant had misrepresented the insulation's safety to the plaintiff and general public; the defendant had failed to disclose the dangerousness of the insulation; the defendant had been negligent in failing properly to test it; the defendant had installed

close to the third party plaintiff or the general public the dangerous propensities of said insulation as has been alleged by the plaintiff[s];

"(g) The third party defendant, Town Oil Company, Inc., was negligent in that it failed to properly and adequately test said insulation prior to marketing it; in that said insulation was installed in a defective manner; in that it knew or should have known of the dangerous characteristics of said insulation yet continued its sale and distribution; in that it used improper materials in the composition of said insulation;

"(h) The third party defendant breached an implied warranty of merchantability in that said insulation was not of merchantable quality and fit for its intended purpose;

"(i) The third party defendant breached its express warranties that said insulation was safe and effective for its intended use.

"7. The insulation in question was not altered or modified in any way by the third party plaintiff or any other party from the condition in which it was manufactured and sold to the third party plaintiff.

"8. By virtue of the above and the provisions of C.G.S. Sec. 52-572*l* et seq., the third party defendant is liable to the third party plaintiff for all or part of the damages alleged by the plaintiffs including personal injuries and property damage alleged in the third count of the plaintiffs' amended complaint.

"9. As a further result of said insulation's defective condition as alleged by the plaintiffs, the third party plaintiff has incurred costs and expenses of defending herself in the action brought by the plaintiffs. The third party plaintiff, Barbara Beaudoin, claims that the third party defendant, Town Oil Company, Inc., is liable to her for said costs and expenses of defending herself.

"STATEMENT RE: CLAIMS FOR RELIEF AND AMOUNT IN DEMAND

"The third party plaintiff claims of the third party defendant:

"1. Indemnification from any judgment that may be rendered against her in favor of the plaintiffs;

"2. Costs, expenses and attorneys' fees incurred in defending the plaintiffs' lawsuit and in processing this third party complaint;

"3. Money damages;

"4. Such other and further relief as the court may deem just and equitable.

"The amount in demand is in excess of $2,500.00 and is in excess of $15,000.00, exclusive of interest and costs."

the insulation in a defective manner; the defendant had continued to distribute the insulation although it knew or should have known of its dangerous characteristics; the defendant had breached an implied warranty of merchantability; and the defendant had breached its express warranties. The relief requested by the third party plaintiff Beaudoin entails indemnification for all liability incurred by her in the action by the Shubbucks (the plaintiffs in that case) and the costs of defending that action.

In the instant action, the plaintiff filed a six count complaint[6] against the defendant which asserted the following theories of liability: product liability, strict liability, breach of express warranty, breach of implied warranty, negligence and illegal representations. The plaintiff sought money damages, punitive damages and reasonable attorney's fees.

The complaint in the instant case appears at first glance to allege a different action, as the theories of liability do not contain verbatim allegations. On closer examination, however, the pleadings in each case request the same relief on the same underlying facts. The only difference is the precise wording of the theories of liability under which the defendant would be liable to the plaintiff for her own potential liability in the action by the Shubbucks. The crux of the plaintiff's claim, as outlined in both complaints, is that any damages that she is liable to pay the Shubbucks and the costs of defending the action are the direct result of the installation of the allegedly defective insulation by the defendant. The variations in the allegations of the theories of liability are merely different ways to characterize how the defendant's actions resulted in liability to the plaintiff.[7] The modern trend, which is followed

---

[6] See footnote 2, supra.

[7] We express no view on whether the trial court was correct when it dismissed the third party complaint. That issue, having been properly pre-

in Connecticut, is to construe "pleadings broadly and realistically, rather than narrowly and technically." *DeMartin* v. *Yale-New Haven Hospital,* 4 Conn. App. 387, 390, 494 A.2d 1222 (1985); see also *Fuessenich* v. *DiNardo,* 195 Conn. 144, 150–51, 487 A.2d 514 (1985); *Schenck* v. *Pelkey,* 176 Conn. 245, 255, 405 A.2d 665 (1978). In *Burgess* v. *Vanguard Ins. Co.,* 192 Conn. 124, 126, 470 A.2d 244 (1984), when discussing a claim that a cause of action be divided into two counts, this court said that if "the plaintiff's claims for relief grow out of a single occurrence or transaction or closely related occurrences or transactions they may be set forth in a single count and it does not matter that the claims for relief do not have the same legal basis." The same reasoning applies in this context. Whether the counts are listed separately or are subsumed under the product liability count is immaterial. All of the issues raised in this appeal of the trial court's ruling were raised in the previous third party complaint that was stricken by the trial court and already preserved for appeal.

The policy behind the "prior pending action doctrine" is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets. See *Dettenborn* v. *Hartford-National Bank & Trust Co.,* supra, 392. We have described the policy behind the impleader statute, General Statutes § 52-102a, in a similar fashion: "The purpose of § 52-102a, like that of [Federal] Rule 14 (a), is clearly to obviate the multiplicity of actions. 3 Moore, Federal Practice (2d Ed.), ¶ 14-04." *Senior* v. *Hope,* 156 Conn. 92, 96, 239 A.2d 436 (1968). This court has also noted: " 'The object of the [impleader] rule was to facilitate litigation, to save costs, to bring all of the litigants into one proceeding, and to dispose of an entire matter without the expense of many suits and many trials. . . .' *Jordan* v. *Stephens,*

---

served for appeal, would be more appropriately decided on appeal when and if the plaintiff Beaudoin suffers an adverse judgment in the trial court.

7 F.R.D. 140, 142 [1945]." *Schurgast* v. *Schumann,* 156 Conn. 471, 485, 242 A.2d 695 (1968). If litigants ignore the benefits of the impleader statute and courts refuse to encourage its use, the goal of efficient administration of justice will be injured. " 'Parties cannot be permitted to waste the time of courts by the repetition in new pleadings of claims which have been set up on the record and overruled at an earlier stage of the proceedings.' *Hillyer* v. *Winsted,* 77 Conn. 304, 306, 59 A. 40 (1904)." *Friedlander* v. *Friedlander,* 191 Conn. 81, 89, 463 A.2d 587 (1983).

Despite these principles of policy, the plaintiff, at oral argument, asserted that considerations of judicial economy cut the other way and she urges this court to decide the issue of whether the defendant is liable to the plaintiff under indemnity principles on this appeal, rather than wait for a final judgment below and the appeal at that time. We disagree. First of all, a favorable outcome to the plaintiff in the trial court would render her appeal of the striking of the third party complaint moot. More important, even though a judicial "shortcut" can be tempting in a case such as this, the implications of such an action and the message it would send to this state's litigants would be unfortunate. Any party that lost a motion in the trial court would be tempted and encouraged to file separate lawsuits on the same legal theory rather than to wait for the orderly process of appeal. The plaintiff conceded at oral argument that there were no issues presented on this appeal that could not be raised in an appeal of an adverse judgment below. We conclude that all the policy reasons for the prior pending action doctrine apply in this case and the trial court therefore did not err in dismissing the action. The plaintiff had the opportunity, of which she availed herself, to protect her rights by a timely filing of her notice of intent to appeal the striking by

the trial court of her earlier motion to implead Town Oil in the original action instituted by the Shubbucks.

We find no error.

In this opinion the other justices concurred.