[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS MOTION TO STRIKE; MOTION TO DISMISSAND SANCTIONS
On August 16, 1994 the plaintiff, Mary Payson, filed a nine count complaint against the defendant, Paul W. Adams, as an individual and in his official capacity as trustee. Pursuant to a 1966 trust agreement, a trust was established by Charles Lynn Stone, the plaintiff's father. The trust was established for the benefit of the plaintiff, her spouse and her descendants. Under the terms of the trust, "[t]he trustee shall, during the life of Mary Stone Parsons [now Mary Payson], daughter of the Donor, in his absolute discretion pay any or all of the net income to or for the benefit of Mary Stone Parsons, her spouse or her children. . . ."
The plaintiff alleges in her complaint that despite her numerous requests for an accounting, the defendant has never rendered to her or to any court, an account of his actions as trustee. In the first count, the plaintiff is asking for an accounting pursuant to General Statutes § 45a-175 (c)(1). In counts two through eight, she is requesting damages under a number of breach of duty claims against the defendant for his management of the trust assets. In the ninth count, the plaintiff seeks to remove the defendant as trustee pursuant to § 45a-242 (a).
The defendant filed a motion to strike the complaint and a supporting memorandum on July 27, 1995. The defendant also filed a motion to dismiss and for sanctions with a supporting memorandum on August 2, 1995. The plaintiff filed an objection to the motion to strike and a memorandum of law in opposition to the motion to strike on August 9, 1995. The plaintiff also filed an objection to motion to dismiss and a memorandum in opposition to the motion to dismiss on August 9, 1995. CT Page 11983
MOTION TO STRIKE
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group,Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The defendant claims that the plaintiff does not have a cause of action to seek an accounting because paragraph ten of the trust agreement states that an accounting must be requested by the donor. The defendant further argues that the complaint improperly pleads evidence, hearsay, and claims of law that violate the rules of proper pleading pursuant to Practice Book § 108. Additionally, the defendant claims that the plaintiff has failed to join necessary parties, namely, the remaindermen of the trust.
Paragraph ten of the trust agreement provides in part that "[t]he trustee shall also render such statements [of account] not more often than annually to any other beneficiary to whom the Trustee is authorized to pay the current income from the trust with respect to the share of any such beneficiary, whether ascertained, contingent or expected, upon request for such statement in a writing delivered to the Trustee." Nevertheless, the plaintiff, as a beneficiary of the trust, has the authority to request an accounting pursuant to General Statutes § 45a-175 (c)(1).[1] Further, a decision by Judge McGrath dated December 2, 1994 in which the court denied an earlier motion to dismiss, addressed this issue. The language of paragraph ten of the trust does not preclude the plaintiff's authority to seek an accounting from the defendant.
"A motion to strike admits all well pleaded allegations."Beaudoin v. Town Oil Co., 207 Conn. 575, 581 n. 3, 542 A.2d 1124
(1988). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint." (Internal quotation marks omitted.) Westport Bank Trust Co. v. Corcoran, Mullin Aresco, 221 Conn. 490, 495,605 A.2d 862 (1992). While the complaint may contain conclusions of law or plead evidentiary matters, this alone does not render the complaint legally insufficient. The plaintiff has sufficiently pleaded facts to allege a cause of action against the defendant.
Necessary parties are "[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the CT Page 11984 court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . In short, a party is `necessary' if its presence is absolutely required in order to assume a fair and equitable trial." (Citations omitted; internal quotation marks omitted.) Biro v. Hill, 214 Conn. 1, 5-6,570 A.2d 182 (1990). General Statutes § 45a-175 (c)(1) authorizes a beneficiary to request an accounting from a trustee. The plaintiff, as an individual beneficiary may seek an accounting, without joining all potential beneficiaries to the action.
MOTION TO DISMISS
"The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v.Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985), citing Practice Book § 143.
The defendant claims in his motion to dismiss that the plaintiff has threatened him to such an extent that it qualifies as extortion pursuant to General Statutes § 53a-119 (5), and therefore offends public policy. This is not a proper ground to raise in a motion to dismiss as it does not challenge the court's jurisdiction to hear the matter.
Likewise, defendant's claim for sanctions is without merit. The letter from the plaintiff's counsel to the defendant's counsel is not viewed by this court as a malicious threat which would entitle the defendant to sanctions.
The defendants Motions to Strike and to Dismiss are denied.
The Court
RONAN, JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 11989