[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1182
Although couched in various legal theories contained in several counts, the plaintiff's claim against an insurance agent and insurance agencies, distilled to its essence, is for failure to cancel one policy and to place another. The defendant Max Fitelson Son, Inc. has moved to strike the CUTPA claims against it; the other defendants have moved for summary judgment on the CUTPA claims asserted against them.
I agree with the defendants that the facts pleaded in the complaint generally appear to allege a negligent breach of contract. This, together with defendants' refusal to "own up" to their carelessness would not bring this matter within the ambit of the "cigarette rule" adopted in Conaway v. Prestia, 191 Conn. 484,492-93, 494 A.2d 847 (1983), and McLaughlin Ford, Inc. v. FordMotor Co., 192 Conn. 558, 567-68, 473 A.2d 1185 (1985). Negligence alone does not offend public policy. Rather it is an unfortunate characteristic of this species. Neither is simple negligence "immoral, unethical, oppressive, or unscrupulous". Nor does simple negligence cause substantial injury to consumers, competitors or other businessmen. See A-G Foods, Inc. v.Pepperidge Farm, Inc., 216 Conn. 200, 215-16, 579 A.2d 69 (1990). This is so even though CUTPA "applies to a broad spectrum of commercial activity . . . is remedial in character; General Statutes § 42-110b (d); Hinchliffe v. American Motors Corp.,184 Conn. 607, 615 n. 4, 440 A.2d 810 (1981); and must be liberally construed in favor of those whom the legislature intended to benefit. . . ." (Internal quotation marks omitted.) Fink v.Golenbock, 238 Conn. 183, 212-213, 680 A.2d 1243 (1996). To hold otherwise would trivialize the Connecticut Unfair Trade Practices Act which has been carefully crafted and amended over the years and to judicially abrogate the "American rule" that attorneys fees and ordinary expenses and burdens of litigation are not generally allowed to the successful party; Marsh, Day Calhoun v. Solomon,204 Conn. 639, 646 (1987); under the guise of a statutory scheme which, as broad and liberal as it is, does not evidence such a sweeping intent.
However, the complaint is susceptible, with some implication, of a construction that the defendants accepted and retained
premium payments for the new coverage which they failed to place. This would bring the case within the "cigarette rule" and would be an unfair practice. On a motion to strike it is well settled that the court must construe the facts in the complaint most favorably CT Page 1183 to the pleader. Waters v. Autuori, 236 Conn. 820, 825-26,676 A.2d 357 (1996). Even on a motion for summary judgment the court must construe a complaint broadly, as it would at trial. See Beaudoinv. Town Oil Co., 207 Conn. 575, 588 (1988). This is especially true where, as here, the motion for summary judgment is employed as a motion to strike, to challenge the legal sufficiency of the pleading.
The defendants Arthur Anderson and Wellner Insurance Agency could refute by affidavit or other documentary evidence the suggestion that they retained the plaintiff's premium payments, but they have not done so in this motion.
For this reason, the defendants' motions (#138, #139) are denied.
Levin, J.