[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIRE (#101)
The plaintiffs, Ching Chiang, I-Hsun Chiang, Baldwin Chiang (Baldwin) and Everglade, Inc. (Everglade), commenced this action under the Products Liability Act (PLA), General Statutes § 52-572m
et seq., to recover damages for injuries and losses allegedly sustained as a result of a fire at the Hunan Gourmet restaurant located in Greenwich, Connecticut. The defendant, Pyro Chem, Inc. (Pyro Chem), is the manufacturer of the fire suppression system that allegedly malfunctioned and failed to extinguish the fire. In the fourth count, Everglade, the owner of the Hunan Gourmet restaurant, seeks damages for the destruction of the restaurant, interruption of and loss of business income, damage to business reputation and good will, and exposure to liability from other individuals and businesses whose interests were adversely affected by the fire. In the fifth count, Everglade seeks punitive damages pursuant to General Statutes § 52-240b. In the sixth count, Baldwin, an employee at the restaurant, alleges that as a result of the failure of the fire suppression system to function properly and the destruction of the restaurant, he suffered a reduction in his ability to earn a living. In the seventh and final count, Baldwin seeks punitive damages pursuant to General Statutes § 52-240b.
On May 16, 1996, Pyro Chem filed a motion to strike (#101) the fourth, fifth, sixth and seventh counts of the plaintiff's complaint. The defendant argues that Everglade's claims in the fourth and fifth counts are barred by the prior pending action doctrine, and that Baldwin's claims for the "reduction in his ability to earn a living" in the sixth and seventh counts are legally insufficient because Baldwin failed to allege that he suffered any personal injuries. In accordance with Practice Book § 155, the defendant filed a supporting memorandum of law, and the plaintiffs filed a timely opposing memorandum.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal CT Page 6645 quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825-26,676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
According to Pyro Chem, Everglade's claims against Pyro Chem in the present case and in a prior action entitled Everglade, Inc.v. Interstate Fire Safety Equipment Co., Inc., Docket No. CV94 139720, are essentially the same and are based on the same set of underlying facts. Therefore, Pyro Chem argues that the claims against Pyro Chem in the present case are barred by the prior pending action doctrine.
"The policy behind the `prior pending action doctrine' is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." Beaudoin v. Town Oil Co.,207 Conn. 575, 588, 542 A.2d 1124 (1988). "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. This is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.)Halpern v. Board of Education, 196 Conn. 647, 652-53, 495 A.2d 264
(1985). "The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law . . . ." (Internal quotation marks omitted.) Id., 653. Therefore, the court "must examine the pleadings to ascertain whether the actions are `virtually alike.'" Id. Although the prior pending action doctrine is generally raised by a motion to dismiss, in Beaudoin v. Town Oil Co., supra,207 Conn. 575, the Connecticut Supreme Court affirmed the trial court's decision granting a motion to strike based on the prior pending action doctrine.
In the fourth and fifth counts of the present case, Everglade seeks to recover compensatory and punitive damages against Pyro Chem under the Products Liability Act. Everglade alleges that the fire suppression system sold or manufactured by Pyro Chem was defective and failed to extinguish the fire, destroying the plaintiff's restaurant. Similarly, in the ninth count of Everglade's June 25, 1996 complaint in the prior action, Everglade seeks punitive and compensatory damages from Pyro Chem under the CT Page 6646 PLA based on the same set of facts. Everglade alleges that the fire suppression system was defective and that this defect was the proximate cause of the plaintiff's injuries and losses. In a separate count in the prior action, Everglade also seeks to recover damages from Interstate Fire Safety Equipment Company, Inc., the party that allegedly installed the fire suppression equipment.
The plaintiff's allegations in the present case and in the prior action are "virtually alike." In both actions, Everglade seeks to recover compensatory and punitive damages under the PLA for injuries and losses sustained as a result of the defendant's allegedly defective fire suppression system. Both actions arise from the same set of underlying facts. Furthermore, even if Everglade could establish that the prior action is a subrogation action brought by its insurer, Everglade and its insurer should be considered the same party for purposes of the prior pending action doctrine, at least where essentially the same relief is sought.Allstate Ins. v. Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 132329 (November 23, 1993, Lewis, J.). Cf. Flatau v. Judd Construction, Inc., Superior Court, judicial district of Danbury at Danbury, Docket No. 324739 (December 3, 1996, Moraghan, J.) (where the insurer only sought to recover the amount paid under the insurance policy, and the insured only sought damages in excess of that amount, the prayers — for relief were diverse enough to warrant denial of the motion to dismiss).
Under these circumstances, there is no reason or necessity for bringing the second action against Pyro Chem, and, therefore, that it is "oppressive and vexatious." Halpern v. Board of Education,
supra, 196 Conn. 652. The defendant's motion to strike the fourth and fifth counts of the plaintiff's complaint, on the ground that they are barred by the prior pending action doctrine, is granted.
Pyro Chem also argues that Baldwin Chiang's claims in the sixth and seventh counts are legally insufficient because Connecticut does not recognize a cause of action for the reduction in a plaintiff's ability to earn a living, other than the well established ground of recovery for loss of earning capacity resulting from personal injuries. Because Baldwin has failed to allege that he suffered any personal injuries, Pyro Chem argues that he cannot seek to recover for loss of earning capacity.
General Statutes § 52-572m (b) provides in pertinent part: "`Product liability claim' includes all claims or actions brought CT Page 6647 for personal injury, death or property damage caused by the manufacture . . . of any product." Under the PLA, "`[h]arm' includes damage to property, including the product itself, and personal injuries including wrongful death." General Statutes § 52-572m
(d). "The legislative history of this statute contains a clear indication that the phrase `damage to property' in this definition was intended to encompass economic harm." (Emphasis added.) Verdon v. Transamerica Inc. Co., 187 Conn. 363, 372,446 A.2d 3 (1982).
In the sixth count, Baldwin alleges that as a result of the failure of the fire suppression system to function properly and the destruction of the restaurant, he suffered "a reduction in his ability to earn a living." Complaint, Sixth Count, ¶ 6. Contrary to the defendant's argument, Baldwin does not appear to seek damages for "loss of earning capacity" due to some physical disability, but rather is seeking to recover the salary he would have received during the period the restaurant was closed due to the fire, which was allegedly caused by the failure of the defendant's fire suppression system. Essentially, Baldwin is seeking to recover an economic loss allegedly caused by a defective product.
Although some jurisdictions refuse to extend strict tort liability to cover economic loss, the legislative history of General Statutes § 52-572m (d) "contains a clear indication that the phrase `damage to property' . . . was intended to encompass economic harm." Verdon v. Transamerica Inc. Co., supra,187 Conn. 370-72. A plaintiff is not required to sustain a personal injury in order to recover under the PLA for economic harm. Because the definition of harm in the PLA liability act was intended to encompass economic loss, the defendant's motion to strike the sixth and seventh counts of the plaintiffs' complaint, which are essentially claims for economic loss, are denied.
KARAZIN, J.