[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' AMENDED AND RESTATED MOTIONTO OPEN JUDGMENT AND MOTION TO REARGUE DATED AUGUST 28, 1997
Pursuant to a Memorandum of Decision dated August 12, 1997, the undersigned judge decided the above case. That Memorandum of CT Page 8320 Decision is incorporated into this decision and knowledge of the facts is assumed.
Pursuant to an August 28, 1997, Amended and Restated Motion to Open Judgment and Motion to Reargue, superseding an August 27, 1997, Motion to Open Judgment and Motion to Reargue, defendants have requested the Court to open judgment and enter judgment for defendants. In summary, defendants ask the court to open its judgment and allow argument of the issue as to whether or not there is, in Connecticut, an action at common law for gross negligence, negligence per se and ordinary negligence in the sale and service of alcoholic beverages as alleged by the plaintiffs in their complaint. The pending motion recites, inter alia,
that "In the Memorandum or Decision dated August 12, 1997, the Court specifically found, at pages 3 and 4 of its decision, that such an action existed at common law."
In response to the Courts order, plaintiff filed an Objection to Motion to Open Judgment and Motion to Re-Argue dated September 8, 1997. Plaintiff argues, first, that the defendants' motion reaches beyond the scope of the instant action; and secondly, that defendants are precluded by the doctrine of res judicata
from raising the arguments they seek to pursue.
The pending motions and responsive arguments have now been evaluated.
The request to reargue is granted only to the extent that the Court, in this written memorandum of decision, will further address defendants' arguments. I believe that defendants' arguments were fully considered in the initial August 12, 1997, Memorandum of Decision. However, given the significance of this issue and the likelihood of an appeal, I believe that this further elaboration will be of assistance to the parties and any appellate court considering this case. Further oral argument is not necessary. The request to open is denied for the reasons stated below.
DISCUSSION
Preliminarily, as already mentioned, it should be noted that the issue of what was alleged in the underlying complaint was fully argued and briefed during and after trial, and was considered in the August 12, 1997, Memorandum of Decision. CT Page 8321
Defendants assert in their motion that the Court, at pages 3 and 4 of its August 12, 1997 decision, specifically found that an action at law for gross negligence, negligence per se and ordinary negligence in the sale and service of alcoholic beverages existed at common law. This is not entirely accurate.See Memorandum of Decision at pages 3 and 4. What the decision stated, in relevant part, was as follows, at page 3:
 The complaint in that case (the "underlying case") indicates that the action is both a Dram Shop action under Connecticut General Statutes Section 30-102, as well as an action alleging gross negligence, negligence per se and ordinary negligence.
A portion of the complaint was then set out.
In Endnote 1 of the August 12, 1997 decision, the allegations of the complaint in the underlying case were discussed at length. Endnote 1 states as follows:
 For example, in paragraph 4(b) of the complaint, plaintiff alleges that defendants failed to "adequately supervise the premises . . . and failing to warn the plaintiff of the hazard then and there existing or to take other necessary steps for their protection." In Paragraph 4(c), plaintiff alleges that defendants "failed to call the police at the earliest possible time to protect the plaintiff." In Paragraph 4(d), the allegation is that the defendants failed "to intervene to protect the plaintiff from a continuing assault." All of these allegations go beyond the allegations required to make out a claim under Section 30-102. Moreover, if defendant wished to move to strike some or all of these allegations on the grounds that they were properly subsumed within a Dram Shop count, they could have done so. They failed to avail themselves of the opportunity when they allowed the default to enter. It is noted that defendants argue that "A number of cases have held that there is no common law cause of action for gross negligence for service of alcohol . . . or for negligence for service of alcohol." See page 14 of Defendant's Post-Trial Brief of March 25, 1997. However, as plaintiff notes, other courts have held that here is a cause of action for gross negligence against a server of alcohol. See cases cited at page 2 of Plaintiff's Reply to Defendants' Post Trial Brief dated April 3, 1997. I agree with plaintiff that the better CT Page 8322 time and place to have addressed these issues was during the pendency of the underlying case, not now.
In the Court's view, the defendants' argument is fundamentally flawed because the allegations in the underlying complaint — most particularly, the allegation in Paragraph 4(c) that defendants "failed to call the police at the earliest time to protect the plaintiff," and the allegation in Paragraph 4(d) that the defendants "failed to intervene to protect the plaintiff from a continuing assault" — go beyond the allegations required to make out a claim under Section 30-102 and are not necessarily dependent upon it. Having considered this matter further, I believe that my original conclusion was correct.
Significantly, as noted in the August 12, 1997, Memorandum of Decision, the defendants in the underlying case — including Mr. Quinn — failed to appear, failed to file pleadings seeking revision of the complaint or deletion of portions of it, failed to seek its dismissal, failed to seek to open or set aside the damages judgment, and failed to appeal it. Yet the defendants in this case now argue that the complaint in the underlying case must now be viewed in the light most favorable to them as alleging only actions for negligence in the sale and service of alcoholic beverages. By failing to appear and contest the allegations in the underlying case, however, defendants may be deemed to have admitted the truth of all of the allegations in the complaint. See, e.g., 46 Am.Jur.2d Judgments, Section 321.
Moreover, as our Supreme Court has repeatedly instructed, pleadings are to be read broadly and realistically, rather than narrowly and technically. Beaudoin v. Town Oil Co., Inc.,207 Conn. 575, 587-88 (1988). A defendant, in order to protect himself from broad, baseless, or unsupportable allegations, need only file the appropriate motions pursuant to our rules of practice. Rowe v. Godou, 209 Conn. 273, 279 (1988). Defendants in the underlying case had the opportunity to raise the arguments they are raisins now in the underlying case, but failed to do so and were defaulted. Therefore, no court was given the opportunity to evaluate whether plaintiff's allegations in the underlying case properly set out a cause of action, and ought to have been stricken outright, or revised in whole or part. Likewise, no trier of fact was given the opportunity to determine whether an intoxicated person acted ". . . in consequence of such intoxication" in committing the acts alleged. (Emphasis added.)See Section 30-102. Given the entry of a default, the allegations CT Page 8323 in the complaint in the underlying case may not now be read in the light most favorable to defendants, as they request. Defendants are asking the Court to take a narrow reading of the complaint in the underlying case, in a light most favorable to them, when a broad and realistic reading supports the view that the underlying complaint alleged facts which may be reasonably viewed as alleging facts bringing it outside the scope of the strictures of the Dram Shop Act. It is unfortunate that these arguments were not raised in the underlying case, where they could have been fully briefed and argued in the proper context. However, they were not.
Consequently, for the reasons stated in the Memorandum of Decision of August 12, 1997, and the additional reasons stated here, the motions to reopen judgment are denied. (1)
Douglas S. Lavine Judge Superior Court