[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO DISMISS
A reading of the complaint reveals the following assertion of facts for consideration by the court when deciding this Motion To Dismiss. This case was commenced by writ, summons and complaint dated May 6, 1998, returnable on June 16, 1998. The plaintiff in this matter is Cosgrove Construction Company, a corporation with a principal place of business at 164 North Main Street, Branford, Connecticut. The defendant, Connecticut Sportsplex, LLC, is a limited liability company formed and existing under the laws of the State of Connecticut with an address at 289 Sea Hill Road, North Branford, Connecticut.
The plaintiff's action purportedly arises from excavation work which it alleges to have performed on real property located at 250 Totoket Road, North Branford, Connecticut. The plaintiff alleges that the defendant owes a balance of $282,278.00 for the excavation work performed. The complaint consists of three counts: 1) breach of contract, 2) unjust enrichment, and 3) violation of the Connecticut Unfair Trade Practices Act. CT Page 8780
Prior to instituting the instant action the plaintiff filed a Certificate of Mechanics' Lien (the first action) on real property owned by the defendant in order to secure payment for the aforesaid excavation work. Immediately thereafter the plaintiff filed an action to foreclose the lien.
On December 18, 1998 Judge Celotto of the Judicial District of New Haven granted the defendant's Motion To Dismiss this first complaint, which bears the Docket No. CV-98-040903-S. In dismissing the action, Judge Celotto agreed with the defendant's argument that the Superior Court lacked subject matter jurisdiction over the case because the mechanics lien was invalid due to the fact that it was not subscribed and sworn to under oath. The plaintiff has appealed Judge Celotto's decision to dismiss.
The defendant claims that the instant action must be dismissed because it concerns the same parties, the same subject matter and, was commenced in the same court as the action to foreclose the mechanics lien. The defendant argues that the prior pending action doctrine requires this dismissal.
The prior pending action doctrine is one which permits the court to dismiss a second case that raises issues currently pending before the court, but does not require it to do so.Cumberland Farms, Inc. v. Town Of Groton, 247 Conn. 196, 216,719 A.2d 465 (1998).[1] "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." Cumberland Farms, Inc. v. Groton, 247 Conn. 196,216, 719 A.2d 465 (1998). Citing, (Internal quotation marks omitted.) Halpern v. Board of Education, 196 Conn. 647, 652-53,495 A.2d 264 (1985). "We must examine the pleadings to ascertain whether the actions are `virtually alike'"; id., 653; and whether they are brought to adjudicate "the same underlying rights." Id., 655; Beaudoin v. Town Oil Co., 207 Conn. 575, 584, 542 A.2d 1124
(1988).
This court finds that there are significant differences between the foreclosure action and the present action, and that the two actions require different elements of proof. CT Page 8781
For example, an examination of the pleadings by the court discloses that to prove the breach of contract claim in this second action, the plaintiff will need to show that the defendant failed to provide the compensation according to their agreement. To prove the CUTPA claim asserted in this second action, the plaintiff will need to show that the defendant's action offended public policy in a substantial way; that the defendant's action was immoral, unethical, oppressive, or unscrupulous; and/or that it caused injury to consumers, competitors or businessmen. Wright, Fitzgerald Ankerman, Connecticut Law of Torts, Sec 194 (3d Ed.) 1998 2t 565. To prove the unjust enrichment claim asserted in this second action, the plaintiff will need to show that the defendant has been unjustly enriched by virtue of his failure to pay for the use of the premises owned and/or controlled by him. 66 Am Jur 2d, Restitution and Implied Contracts. However, to foreclose on the Mechanic's Lien in the first complaint, the plaintiff need only prove that the lien is valid and the amount claimed is owed.
Also, an examination of the pleadings by the court discloses that the remedies sought by the two separate actions are significantly different. The remedies requested in the present action are compensatory damages, punitive damages and reasonable attorney's fees. However, the remedies requested in the first action are foreclosure of said lien, possession of said premises, and damages.[2] However, rather than permitting the instant trial court action to proceed, the court finds that judicial economy most likely will be served by staying this action pending the outcome of the appeal of the foreclosure action.
For the forgoing reasons the court enters the following orders:
1) the motion to dismiss this action is denied;
2) this action is stayed pending the outcome of the appeal of the foreclosure action.
Clarance J. Jones, Judge