[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS #114
The defendants, Donald E. Nowsch and Barbara Nowsch move to dismiss the complaint on the basis of the prior pending action doctrine. The present action was commenced when the plaintiff, William Silveira, filed a two-count complaint on January 22, 1999. In the second count[1] the plaintiff alleges that he was injured when he slipped and fell while crossing the parking lot located on the property leased by the defendants at 359 Thames CT Page 14978 Street in Groton. The plaintiff further alleges that his fall was due to a dangerous drop in the level of the pavement where the parking lot adjoined a driveway and that this dangerous condition of the parking lot constituted a public nuisance.
On March 8, 1999, the plaintiff filed a motion to consolidate this case with Silveira v. Drinks, Inc., Docket No. CV-97 0543679S, which was granted by Hurley, J. on March 23, 1999. On August 23, 1999, the defendants filed the present motion to dismiss on the ground that the 1999 action is barred by the prior pending action doctrine. In support of their motion to strike, the defendants have submitted a memorandum of law and a copy of the complaint in Silveira v. Drinks, Inc. The plaintiff has filed an objection to the motion to dismiss and a memorandum in support of his objection.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089
(1998). The motion to strike "shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 10-31(a).
Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.)Halpern v. Board of Education, 196 Conn. 647, 652 n. 4,495 A.2d 264 (1985). "A motion to dismiss based on a prior pending action may be entertained by the court even if the two actions have been consolidated." Oppel v. Maguire Group, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 348546 (October 29, 1993, Zoarski, J.) (8 C.S.C.R. 1216, 1217); see alsoMerrill Lynch v. City of Waterbury, Superior Court, judicial district of Waterbury, Docket No. 112366 (February 26, 1993,Sylvester, J.). CT Page 14979
"The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) CumberlandFarms, Inc. v. Groton, 247 Conn. 196, 216, 719 A.2d 465 (1998). "The policy behind the `prior pending action doctrine' is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." Beaudoin v. Town Oil Co.,207 Conn. 575, 588, 542 A.2d 1124 (1988).
In their motion, the defendants state that "[t]he plaintiff's complaint . . . arises out of the same factual incident, concerns the same parties, and was brought to obtain the same goal as a previous (and still pending) action in this same judicial district." The complaint in the prior action submitted by the defendants, however, gives no indication that the present defendants, Donald Nowsch and Barbara Nowsch, were named as defendants in the earlier action. The earlier complaint is styled "WILLIAM SILVEIRA V. DRINKS, INC. D/B/A SPRINGER'S CAFE, A/K/A CLUB MIRAGE; FRANK SCHEETZ; ROSE SCHEETZ." The defendants, then, seek to dismiss a complaint brought against them as individuals because of the existence of a prior pending action brought against a corporation. Even if the court were to find that the suits are of the same character and brought to achieve the same result, the requirement that the suits be between the same parties is not satisfied.
The defendants argue in their memorandum that "[t]he defendants are virtually identical." The standard for dismissal on the basis of a prior pending action, however, requires that the two actions be between the same parties. Furthermore, even if virtual identity of parties were sufficient, the complaint makes no mention of any relationship between the corporate defendant in the prior suit and the individual defendants in the later suit. The defendants have also provided no affidavits establishing such a relationship. The only assertion of any relationship between the corporate and individual defendants is the defendants' statement in their memorandum that "Mr. Nowsch accepted service of process on behalf of Drinks Inc. for the first lawsuit." As CT Page 14980 previously stated, however, Practice Book § 10-31 requires that such facts be provided by the complaint or by affidavit.
A motion to dismiss on the basis of the prior pending action doctrine should be granted only if the prior pending suit is of the same character, between the same parties, and brought to obtain the same end or object. Because the defendants have not shown that the two actions in question were brought against the same defendants, the motion to dismiss is denied.
Martin, J.