[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
At worst (from the defendant's viewpoint), this is an action for fraud. At best, it is action in negligence. "The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) Parsons v. United Technologies Corporation, 243 Conn. 66,83, 700 A.2d 655 (1997), quoting Beaudoin v. Town Oil Co., Inc.,207 Conn. 575, 587-88, 542 A.2d 1124 (1988). Construing the pro se complaint in this manner, it alleges that the defendant, an attorney, (1) intentionally or fraudulently misappropriated funds from an estate that should have been distributed to the plaintiff, and (2) negligently represented the plaintiff in a criminal action brought against him by the State of Connecticut in 1989. See State v. Joyner, 225 Conn. 450,625 A.2d 791 (1993); see also Joyner v. Commissioner of Correction,55 Conn. App. 602, 740 A.2d 424 (1999). In connection with the latter claim, the plaintiff alleges that the defendant had a conflict of interest when he represented the plaintiff since he also represented the police department and that he concealed exculpatory material, to wit, police reports, from him. The plaintiff alleges in his complaint that he only became aware of these facts in May, 1996.
This action was commenced on July 9, 1996. The defendant has moved for summary judgment based on the statute of limitations. General Statutes § 52-584. The plaintiff's claims are brought well beyond any applicable statute of limitations. However, the plaintiff's complaint reflects that he is relying on the doctrine of fraudulent concealment to avoid the bar of the statute of limitations. If the defendant fraudulently concealed the plaintiff's cause of action, as the plaintiff contends he did, then the statute of limitations would be tolled. General Statutes § 52-595.[1]
Although "[t]he party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law"; Witt v. St. Vincent's Medical Center, 252 Conn. 363,368, 746 A.2d 753 (2000); where a defendant moves for summary judgment based on the statute of limitations and a plaintiff opposes the motion based on the doctrine of fraudulent concealment, the plaintiff must, "by such documents as may be appropriate"; Practice Book § 17-45; "establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists" with respect CT Page 9265 to the claim of fraudulent concealment. Connell v. Colwell, 214 Conn. 242,251, 571 A.2d 116 (1990). The court's file reflects that as of this date the plaintiff has submitted nothing in opposition to the defendant's motion. Moreover, even if the defendant had fraudulently concealed misdeeds until May, 1996, the plaintiff has not explained why all causes of action in his complaint would still not be barred by the three year statute of limitations in General Statutes § 52-577. For this reason, the motion for summary judgment is granted.
BY THE COURT
Bruce L. Levin Judge of the Superior Court