[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant Advanced Polymer Sciences (APS) has filed motions to dismiss[1] counts four and five of the amended complaint, claiming that Connecticut may not assert long-arm jurisdiction against it and that Connecticut should decline jurisdiction over it because there is a prior action pending between the plaintiff and APS in the United States District Court for the Northern District of Ohio, Eastern Division.
 I
APS claims that the plaintiff's action should be dismissed. APS argues:
According to the compliant, the plaintiff is a South Carolina corporation, and the Defendant, APS, is a Delaware corporation with its principal place of business in Ohio. The plaintiff alleged that on or about September 9, 1997, the plaintiff and APS entered into a contract whereby APS was to supply materials for the Plaintiff's use. This contract was made via telephone, between agents CT Page 404 of the Plaintiff in South Carolina, and agents of the Defendant in Ohio. There were no ties to Connecticut, therefore the defendant has not availed itself to [sic] Connecticut's jurisdiction. . . . [T]he contract was not made nor performed in this state. . . . APS did send the products to Connecticut, at Phillips' instruction; however, this alone does not mean that APS availed itself to [sic] Connecticut's jurisdiction.
(December 22, 1998 Memorandum of Law In Support of Defendant's [APS] Motion to Dismiss, pp. 2-3). In addition, APS claims that the exercise of jurisdiction by Connecticut would violate its right to due process of law.
"If a challenge to the court's personal jurisdiction is raised by a defendant . . . foreign corporation . . ., the plaintiff must bear the burden of proving the court's jurisdiction." Knipple v. Viking Communications, Ltd.,236 Conn. 602, 607 (1996); see Standard Tallow Corporation v. Jowdy,190 Conn. 48, 54, 459 A.2d 503 (1983). However, where, as here, the defendant does not support its challenge with affidavits or other documentary proof, the court may accept as true the undisputed allegations of the complaint. See Knipple v. VikingCommunications, Ltd., supra, 236 Conn. 608-609; Savage v.Aronson, 214 Conn. 256, 264, 571 A.2d 696 (1990).
Count four of the amended complaint alleges that the plaintiff is a South Carolina corporation which contracted to perform services for the defendant Connecticut Light Power Company (CLP) at its Norwalk Harbor Station. In furtherance of that contract, the plaintiff entered into a contract with APS for the purchase and sale of coating and caulking materials for use in the relining of the equalization basins at the Norwalk facility. APS is a Delaware corporation with its principal place of business in Ohio. Between September 11, 1997 and October 5, 1997, the plaintiff removed the existing basin lining and applied the APS product in accordance with the manufacturer's instructions and specifications. In October, 1997, an agent for APS inspected the job and confirmed in writing that the work had been done in accordance with APS' guidelines. Nonetheless, the lining of the equalization basins completely failed. As a result, CLP refuses to pay the plaintiff. The plaintiff claims that APS breached its contract and, in the fifth count, claims that APS breached express and implied warranties with respect to its product. CT Page 405
Thus, the complaint alleges that APS contracted to provide materials for use specifically in Connecticut. The goods were received and used by the plaintiff. An agent of APS came to Connecticut to inspect the job and confirmed that the work had been performed in accordance with APS' guidelines. Based on these allegations, which the court accepts as true for purposes of adjudicating APS' motion, the court may exercise jurisdiction over APS pursuant to Connecticut General Statutes (Rev. 1991) § 33-929(f)(3). That statute provides: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising . . . out of the . . . distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers. . . ." See Hover v. Asbestos Corp. Ltd., 678 F. Sup. 370
(D. Conn. 1986); Michael Schiavone Sons, Inc. v. Glland-HenningMfg. Co., 263 F. Sup. 261 (D. Conn. 1967); MacVane v. CassiarMining Corp. , Superior Court, Judicial District of New London at New London, No. 537006 (July 15, 1997); Howard v. Colony FordTruck Center, Inc., Superior Court, Judicial District of New Haven at New Haven, No. CV95-0376527 (Aug. 8, 1996) (17 Conn. L. Rptr. 338).
Nor does the court's exertion of jurisdiction violate due process of law. "The United States Constitution allows state courts to assert jurisdiction over nonresident defendants only when minimum contacts exist between the defendant and the forum state. The nature of these contacts must be such that requiring the defendant to defend in the forum state does not offend `traditional notions of fair play and substantial justice.'World-Wide Volkswagen Corporation v. Woodson, [444 U.S. 286, 292,100 S.Ct. 559, 62 L.Ed.2d 490 (1980)]; International Shoe Co. v.Washington, [326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed 2d 95
(1945)]; Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339,85 L.Ed. 278 (1940)." Frazer v. McGowan, 198 Conn. 243, 252,502 A.2d 905 (1986). "The twin touchstones of due process analysis under the minimum contacts analysis are foreseeability and fairness." United States Trust Co. v. Bohart, 197 Conn. 34, 41, CT Page 406495 A.2d 1034 (1985). Here, APS knowingly and "purposefully avail[ed] itself of the privilege of conducting activities within [Connecticut]"; Hanson v. Denckla, 357 U.S. 235, 253,78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); and its amenability to this court's jurisdiction is both foreseeable and fair. Hill v. W. R. Grace Co., 42 Conn. Sup. 25, 33-34, 598 A.2d 373 (1991) (Licari, J.).
 II
Subsequent to the commencement of this action, APS brought an action against the plaintiff in the United States District Court for the Northern District of Ohio arising out the same cause of action embraced in this case. APS claims that this action should be dismissed under the prior pending action doctrine.
"It has long been the rule that when two separate lawsuits are virtually alike the second action is amenable to dismissal by the court. . . . The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Citations and internal quotation marks omitted.)Halpern v. Board of Education, 196 Conn. 647, 652-53,495 A.2d 264 (1985).
The federal action was not brought prior to this action but subsequent to it. Moreover, the prior pending action doctrine applies to suits brought in the same jurisdiction. Beaudoin v.Town Oil Co., 207 Conn. 575, 584, 542 A.2d 1124 (1988). The doctrine, therefore, is inapplicable.
APS' motions to dismiss are denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court