## JUDITH SANDVIG ET AL. *v.* A. DEBREUIL AND SONS, INC.
### (AC 17555)

O'Connell, C. J., and Landau and Daly, Js.

Argued November 30, 1998—officially released May 25, 1999

*Donald R. Beebe*, with whom was *Susan B. Carr*, for the appellants (plaintiffs).

*Michael S. Burvell*, with whom, on the brief, was *Ruth A. Tower*, for the appellee (defendant).

*Opinion*

DALY, J. The plaintiffs, Judith Sandvig and Karl Sandvig, appeal from the trial court's judgment dismissing their complaint against the defendant, A. Debreuil & Sons, Inc. The court based its dismissal on the prior

pending action doctrine.[1] On appeal, the issues[2] are whether the trial court improperly (1) applied the prior pending action doctrine, (2) dismissed the present contract action instead of consolidating it with the prior negligence action, (3) found that the bankruptcy action did not toll the statute of limitations for the new causes of action previously dismissed by the trial court and (4) failed to apply the effect of the third relief from stay in bankruptcy. We affirm the judgment.

The following background and procedural history are relevant to the resolution of this appeal. The plaintiffs commenced their prior action by complaint alleging negligence dated September 24, 1993, for injuries and damages that Judith Sandvig allegedly sustained in a fall that occurred in September, 1991, during the course of her employment as a teacher's aide for the Jennings School in New London.[3]

The plaintiffs' original negligence complaint alleged injuries and damages due to the defendant's negligence in performing renovations at the Jennings School. By requests dated January 10 and March 7, 1997, the plaintiffs sought to amend the negligence complaint to

---

[1] Our review of the record reveals that, at the time the trial court dismissed the plaintiffs' contract action, the plaintiffs had already filed an intent to appeal from the trial court's judgment in their prior negligence action, which was based on the same underlying facts as the contract action.

[2] The plaintiffs' brief does not conform to the requirements of the rules of practice. Specifically, the brief lists a statement of fourteen "issues," many of which are merely principles or statements of law.

Practice Book § 67-4 provides in relevant part:

"The appellant's brief shall contain the following:

"(a) A concise statement setting forth . . . the principal issue or issues involved in the appeal . . . ."

" 'We are not required to review issues that have been improperly presented to this court through an inadequate brief. *Connecticut National Bank* v. *Giacomi*, 242 Conn. 17, 44–45, 699 A.2d 101 (1997).' " *Raymond* v. *Rock Acquisition Ltd. Partnership*, 50 Conn. App. 411, 420, 717 A.2d 824 (1998).

[3] The plaintiff Karl Sandvig brought a loss consortium claim within his wife's complaint.

include two additional counts—breach of contract and res ipsa loquitur. The trial court denied both of those requests.

In its April 30, 1997 memorandum of decision, the trial court held that the plaintiffs' proposed amendments to their negligence complaint constituted new causes of action, which were barred by the applicable statute of limitations.[4] The plaintiffs have challenged that determination in a separate appeal.

By complaint dated April 15, 1997, the plaintiffs commenced a second action alleging breach of contract, which is the subject of the present appeal. On May 15, 1997, the plaintiffs filed a motion to consolidate the contract and negligence actions. The trial court denied that motion on May 27, 1997.

On June 12, 1997, the defendant filed a motion to dismiss the contract action, relying on the prior pending action doctrine and arguing that the allegations that the plaintiffs raised in their contract action were virtually identical to those that the trial court had denied them leave to add to the prior pending negligence action. On June 20 and July 10, 1997, the plaintiffs filed amendments as of right to the contract action. On July 21, 1997, the trial court granted the defendant's motion to dismiss the contract action on the basis of the prior pending action doctrine. The plaintiffs now appeal from that decision.

---

[4] General Statutes § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such action are finally closed."

The dispositive issue on appeal, therefore, is whether the prior pending action doctrine was properly applied by the trial court.[5] The plaintiffs claim that the trial court improperly applied the prior pending action doctrine in dismissing their contract action. We disagree.

"The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . *Halpern* v. *Board of Education*, 196 Conn. 647, 652–53, 495 A.2d 264 (1985). We must examine the pleadings to ascertain whether the actions are *virtually alike*; id., 653; and whether they are *brought to adjudicate the same underlying rights.* Id., 655; *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 584, 542 A.2d 1124 (1988)." (Emphasis added; internal quotation marks omitted.) *Cumberland Farms, Inc.* v. *Groton*, 247 Conn. 196, 216, 719 A.2d 465 (1998).

As is the case here, the court in *Beaudoin* evaluated whether the prior pending action doctrine should apply as between two causes of action that appeared to allege separate actions because the theories of liability did not contain identical language in the respective allegations. The *Beaudoin* court determined that "[o]n closer examination, however, the pleadings in each case request the same relief on the same underlying facts. The only difference is the precise wording of the theories of liability under which the defendant would be liable to the plaintiff . . . ." *Beaudoin* v. *Town Oil Co.*, supra,

[5] Because we affirm the dispositive action of the trial court, we decline to review the plaintiffs' other claims.

207 Conn. 587. The court further stated that "[t]he variations in the allegations of the theories of liability are merely different ways to characterize how the defendant's actions resulted in liability to the plaintiff. The modern trend, which is followed in Connecticut, is to construe 'pleadings broadly and realistically, rather than narrowly and technically.' " Id., 587–88.

Here, the plaintiffs' negligence and contract actions requested relief based on injuries and damages allegedly sustained by the plaintiffs as a result of a defective condition for which the defendant was allegedly responsible. The plaintiffs seek money damages and other equitable relief in both actions, and both requests for relief are based on the same facts.

Because our review of the record reveals that the pleadings in the contract action are virtually identical to those raised by the complaint in the plaintiffs' negligence action, we conclude that the trial court properly applied the prior pending action doctrine in dismissing the contract action.

The judgment is affirmed.

In this opinion the other judges concurred.