[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case arises out of the sale of a service station by the defendant Silvermine Shell Foods, Inc. (Silvermine), to the plaintiff Egan Enterprises, Inc. Subsequent to the sale of the business, defendant Sam Fiore, Jr., former president of Silvermine, filed an unemployment compensation claim which the plaintiffs allege acts contrary to the terms of the sale of the business and exposes them to liability. The plaintiffs, Egan Enterprises and its sole stockholder Harold Egan, filed the present action claiming indemnification by Silvermine, fraudulent misrepresentations, violation of the Connecticut Unfair Trade Practices Act (CUTPA) and breach of contract. Previously, the defendants filed a motion to dismiss the complaint under the prior pending action doctrine inasmuch as the complaint reasserted unsuccessful claims in prior litigation before the Employment Security Appeals Division Board of Review, and was the subject of an administrative appeal to this court.[1] SeeEgan's Corner Store v. Administrator of the UnemploymentCompensation Act, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 161668. In the present case, the court (Lewis, J.) granted the defendants' motion to dismiss on December 12, 1998.[2] The defendants have filed a motion for summary judgment claiming that there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact. . . . If the nonmovant does not recite specific facts, in accordance with Practice Book §§ 17-45 and 17-46, formerly §§ 380 and 381, that contradict those stated in the movant' s affidavits and documents and show there is a genuine issue for trial, summary CT Page 15165 judgment shall be rendered against him." (Internal quotation marks omitted.) Chase Manhattan Bank v. CDC Financial Corp. ,54 Conn. App. 705, 708 ___ A.2d ___ (1999).
"The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike and in the same jurisdiction." (Internal quotation marks omitted.) EdgewoodVillage, Inc. v. Housing Authority, 54 Conn. App. 164, 168, ___ A.2d ___ (1999). In determining whether to apply the prior pending action doctrine, courts "must examine the pleadings to ascertain whether the actions are virtually alike . . . and whether they are brought to adjudicate the same underlyingrights. (Citation omitted; emphasis in original.) Sandvig v. A.Debreuil and Sons, Inc., 53 Conn. App. 466, 469, 730 A.2d 646,250 Conn. 920 ___ A.2d ___ (1999). Based upon the allegations in the present complaint, it is apparent that Judge Lewis found the plaintiffs' claim concerning unemployment compensation and unjust enrichment were duplicative of the administrative appeal presently before the Superior Court. However, it is unclear to what extent Judge Lewis' ruling and the administrative proceedings and appeal resolve the issues that are presently before this court. Many of the plaintiffs' claims in this case involve whether Silvermine or Fiore made fraudulent misrepresentations or breached its contract with the plaintiffs in the sale of its business. Silvermine is not a party to the unemployment compensation proceedings. Regardless of whether the court finds validity in the claim that Fiore is entitled to unemployment compensation, the administrative hearing may not have considered whether Silvermine breached its contract or made fraudulent misrepresentations in the sale of the service station. Even if the administrative action does consider those issues in the context of Fiore's unemployment compensation, it will not resolve whether Silvermine had a duty to maintain a valid health service license on the date of the sale to Egan Enterprises. Based upon the state of the record, it would be inappropriate to grant summary judgment at this time because the defendants have not demonstrated that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law in CT Page 15166 this case.
According to the complaint, the defendants allowed the health department license to lapse prior to the sale of the service station. The defendants claim that such licenses from the City of Norwalk are not transferable and, therefore, the plaintiffs could not be harmed by such a defect. The defendants have submitted an affidavit from Fiore along with a blank health service license which purport to substantiate that fact. While these documents indicate that such licenses are not transferable, the record does not provide adequate explanation on how and to whom such licenses are issued. In addition, there is a genuine issue of material fact concerning whether the defendants' failure to disclose the expiration of its health department license constituted a misrepresentation or material breach of the underlying contract. The contract for the sale of the service station provided: "The seller warrants and represents [that] Seller has complied with all laws, rules and regulations of the town, county, state and federal government with respect to the operation of the business herein provided to be sold. . . ." (Exhibit 1, ¶ 6.) The court refuses to speculate whether the defendants' alleged failure to maintain a health department license prior to the sale of the business adversely affected the plaintiffs' ability to secure such a license subsequent to the sale. Therefore, this court concludes that it would be inappropriate to grant summary judgment on this basis because there are genuine issues of material fact that must be resolved.
The plaintiffs also insist that there is a genuine issue of material fact concerning whether Egan or Fiore acted in an individual capacity when entering the contract for the sale of the service station. The defendants argue that it is a fundamental tenant of contract law that shareholders are not liable for the acts of the corporation merely by reason of having control of the corporation's actions.
"Our Supreme Court discussed the concept of piercing the corporate veil in Zaist v. Olson, 154 Conn. 563, 573-74,227 A.2d 552 (1967). Courts will disregard the fiction of a separate legal entity when a corporation is a mere instrumentality or agent of another corporation or individual owning all or most of its stock. . . . Under such circumstances the general rule, which recognizes the individuality of corporate entities and the independent character of each in respect to their corporate transactions, and the obligations incurred by each in the course CT Page 15167 of such transactions, will be disregarded, where, as here, the interests of justice and righteous dealing so demand. . . . The circumstance that control is exercised merely through dominating stock ownership, of course, is not enough. . . . There must be such domination of finances, policies and practices that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal." (Internal quotation marks omitted.) Davenport v.Quinn, 53 Conn. App. 282, 299-3 00, 730 A.2d 1184 (1999).
"When determining whether piercing the corporate veil is proper, our Supreme Court has endorsed two tests: the instrumentality test and the identity test. The instrumentality rule requires, in any case but an express agency, proof of three elements: (1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiffs legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of. . . ." (Internal quotation marks omitted.) Id.
"The identity rule has been stated as follows: If a plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise. . . . The concept of piercing the corporate veil is equitable in nature and courts should pierce the corporate veil only under exceptional circumstances." (Citation omitted.) Id., 300-01.
When the sole shareholder and president of a corporation decides to sell all of the assets of a corporation, it is likely that he is acting both for the corporation and for his personal benefit. Under such circumstances, a court may deem it appropriate to pierce the corporate veil for alleged wrongdoing in the sale of such a corporation. Based upon the plaintiffs' CT Page 15168 allegations in the complaint concerning Fiore's alleged wrongdoing and control of Silvermine, and the defendants' failure to demonstrate that Silvermine was not a mere instrumentality of Fiore, it would be inappropriate to grant summary judgment because there is still a genuine issue of material fact as to whether Fiore used Silvermine as an instrumentality for fraud.
On the other hand, the court grants the defendants' motion for summary judgment as to the individual plaintiff, Harold Egan. The plaintiffs attached a copy of the relevant contract between Silvermine and Egan Enterprises to their complaint and the defendants attached a identical copy of that contract to their motion for summary judgment. Both copies indicate that Harold Egan was not a party to that contract. Corporations are separate legal entities from their shareholders. See Campisano v. Nardi,212 Conn. 282, 292, 562 A.2d 1 (1989). Unless Egan intends to prove the anomalous proposition that Egan Enterprises, Inc. does not enjoy corporate status, the plaintiffs have failed to make any showing that Egan was a party to the sale of the service station. Therefore, the defendants are entitled to summary judgment as to Harold Egan as an individual plaintiff.
Based upon the foregoing analysis, the court denies the defendants' motion for summary judgment as to Egan Enterprises, Inc. because the defendants have failed to prove that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. However, the court grants the defendants' motion for summary judgment as to Harold Egan because the contract for the sale of the service station did not include him as a party.
KARAZIN, J.