[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#104)
The plaintiff Kelly Durkin, a shareholder of the defendant Durkin Company, Inc. (Durkin Co.), seeks a writ of mandamus ordering each defendant to allow him to inspect certain corporate records. The defendants Durkin Co., Mark Durkin and Gregory Durkin filed a motion to dismiss the present action based upon insufficiency of process and the prior pending action doctrine.[1] This court concludes that the motion to dismiss must be denied. Durkin Co. has received adequate notice of the plaintiff's desire to inspect corporate records. In addition, the prior pending action doctrine is inapplicable because each lawsuit is brought for different purposes.
"A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Taft v.Wheelabrator Putnam, Inc., 55 Conn. App. 359, 362, ___ A.2d ___ (1999). "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." Westbrook v. Savin Rock Condominiums Association, Inc., CT Page 95850 Conn. App. 236, 242, 717 A.2d 789 (1998). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts. . . . A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action. . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted; internal quotation marks omitted.) Olson v.Accessory Controls Equipment Corp. , 54 Conn. App. 506, 515,735 A.2d 881 (1999).
The defendants claim that this court lacks jurisdiction over the present action because the plaintiff failed to give proper notice to the corporation that he desired to inspect the corporate records. Practice Book § 10-31(a) states in relevant part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." The defendants do not claim insufficiency of service of process based upon any failure to comply with General Statutes § 33-663.[2] Instead, they contend that there was insufficiency of process because the plaintiff failed to comply with the notice provisions in General Statutes § 33-603 when seeking to inspect the Durkin Co.'s records.[3]
Apparently, the defendants claim that the plaintiff's failure to address his request for inspection of corporate records to Durkin Co., or Mark Durkin in his capacity as corporate secretary, constitutes insufficient process.[4] Black's Law Dictionary (7th Ed. 1999) defines "process" as "[a] summons or writ, esp. to appear or respond in court. . . ."[5] Clearly, the letters to Mark Durkin seeking inspection of corporate records could not be considered a summons or writ, and do not provide a basis to challenge the jurisdiction of this court.
Regardless, this court is content that the letter to Mark Durkin, the secretary of Durkin Co., provided sufficient notice to the corporation of the plaintiff's wish to inspect corporate records. The Connecticut General Statutes provides shareholders with the right to inspect and copy certain corporate records if the shareholder "gives the corporation written notice of his demand at least five business days before the date on which he wishes to inspect and copy." General Statutes §§ 33-946(a) 33-946(b). The defendants argue that the plaintiff did not CT Page 959 provide adequate notice to the corporation of his desire to inspect corporate records. General Statutes § 33-603(d) states in relevant part: "Written notice to a domestic or foreign corporation authorized to transact business in this state may be addressed to its registered agent at its registered office or to the corporation or its secretary at its principal office shown in its most recent annual report. . . ." (Emphasis added.) The defendants argue that the plaintiff did not mail his letter to Mark Durkin at Durkin Co.'s principal office or identify him as the secretary of Durkin Co.
"If the language of the statute is plain and unambiguous, we will not look beyond the words themselves because we will assume that the language expresses the legislative intent." Szczapa v.United Parcel Service, Inc., 56 Conn. App. 325, 329, ___ A.2d ___ (2000). This court concludes that it is "plain and unambiguous" that the provisions of General Statutes § 33-603(d) are not the only means to effect notice to a corporation. General Statutes § 33-603(d) merely offers certain methods of notice that would certainly constitute notice to the corporation. In the present action, Durkin Co.'s registered agent was deceased on the date the plaintiff addressed his letter. In addition, the plaintiff's letter makes it apparent that he desired inspection of Durkin Co. records as a shareholder of that corporation. It was unnecessary for the plaintiff to address the letter to Mark Durkin as the secretary of Durkin Co., or send the letter to Durkin Co.'s principal office to adequately notify Durkin Co. of his wish to inspect company records.
It also appears that the plaintiff complied with General Statutes § 33-946. General Statutes § 33-946 states that a shareholder wishing to inspect corporate records provide "written notice of his demand at least five business days before the date on which he wishes to inspect and copy." The plaintiff's letter to Mark Durkin, dated June 23, 1999, sought inspection of corporate records on July 2, 1999, more than five business days later. Mark Durkin, acknowledged receipt of the written demand to inspect the corporate records prior to the date scheduled for the inspection.[6] The plaintiff's letter to Mark Durkin provided sufficient written notice to Durkin Co. because compliance with General Statutes §§ 33-603(d) was not mandatory and the plaintiff sent his request in writing to Mark Durkin, the corporate secretary. Therefore, the plaintiff complied with the notice requirements of General Statutes § 33-946. Accordingly, the motion to dismiss for insufficiency of process CT Page 960 is denied.
The defendants also claim that the court should dismiss the present action because there is currently a probate appeal before this court that will address the same issues. "The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." Sandvig v. A.Debreuil and Sons, Inc., 53 Conn. App. 466, 469, 730 A.2d 646, cert. denied, 250 Conn. 920, 738 A.2d 659 (1999). "The trial court has broad discretion in applying the prior pending action doctrine. (Internal quotation marks omitted.) St. Paul GuardianIns. Co. v. Mola, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 165884, (December 14, 1998, D'Andrea, J.).
The prior pending action doctrine is not applicable to this case. "The rule permitting dismissal of an action because of a prior pending action does not apply when the two actions are for different purposes or ends, or where they involve different issues." Alca Construction Co. v. Waterbury Housing Authority,49 Conn. App. 78, 81, 713 A.2d 886 (1998). In the probate appeal, the plaintiff seeks to protect his interests as a beneficiary of the estate of Joseph Durkin by preventing the estate's sale of a controlling interest in Durkin Co. to Gregory Durkin. Here, the plaintiff seeks inspection of corporate documents as a shareholder of the corporation. While similar issues may arise in both cases, both actions are for different purposes and are not "virtually alike."[7]
Accordingly, the motion to dismiss is denied. So ordered.
D'ANDREA, J.