MEMORANDUM OF DECISION RE MOTION TO DISMISS
On November 15, 2000, the respondent mother filed a motion to dismiss the pending neglect petitions regarding her three minor children, CT Page 3151 alleging that there was a prior pending action on appeal dealing with the same issues. Specifically, she alleges that the court issued a dissolution of marriage decree, awarding her sole physical custody of the three children on July 18, 1997. (Steinberg, J.) Two years later, the respondent father filed a motion to modify custody, alleging that there had been a substantial change in circumstances. The court rendered decision on his motion on April 12, 1999, awarding him sole physical custody of the three children. (Axelrod, J.) The respondent mother appealed that decision to the Appellate Court where it is still pending.
On July 25, 2000, a neglect petition was filed by the Department of Children and Families, hereafter "DCF", alleging that the children were being denied proper care and attention and that they were suffering from a condition which was the result of emotional maltreatment. The statements of fact allege that this occurred during periods of unsupervised visitation with the respondent mother. DCF had and has no plans to remove the children from the care of their father. Since the petitions were brought, the children have had supervised visitation with their mother.
While counsel for the mother argued he was not relying solely on the prior pending action doctrine, all arguments advanced support that position. As the Appellate court recently stated:
 "The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court. The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction. . . . Halpern v. Board of Education, 196 Conn. 647, 652-53, 495 A.2d 264 (1985). We must examine the pleadings to ascertain whether the actions are virtually alike; id., 653; and whether they are brought to adjudicate the same underlying rights. Id., 655; Beaudoin v. Town Oil Co., 207 Conn. 575, 584, 542 A.2d 1124 (1988); Cumberland Farms, Inc. v. Town of Groton, 247 Conn. 196, 216, 719 A.2d 465
(1998). (internal quotation marks omitted.) Sandvig v. A. Debreuil and Sons, Inc., 53 Conn. App. 466, 469, 730 A.2d 646 (1999).
CT Page 3152
DCF argues that it is not a party to the pending appeal and what the court has under consideration presently are neglect petitions in the Superior Court for Juvenile matters, brought pursuant to Connecticut General Statutes § 46b-129, not a custody dispute between two parents.
The court has reviewed the dissolution decision and the memorandum of decision regarding the motion to modify. Without question the neglect petitions address the respondent mother's conduct and its alleged detrimental impact on the three minor children since the date of the decision on the motion to modify of July 1999, presently on appeal. The court finds that the statutory basis for the neglect petitions, the possible relief which could be granted, the identity of the parties, and the obligations of DCF to protect the children of the state of Connecticut present fundamentally different legal matters than the custodial litigation between the parents in the Superior Court for Family Matters, even though aspects to the relief sought may be similar. For the foregoing reasons, the court denies the motion to dismiss. The court further orders that motion for psychological evaluation, ordered dependent on the outcome of this decision, proceed as scheduled.
Barbara Quinn, Presiding Judge Child Protection Session