[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Cynthia Sledziona, Gino Sciortino and Michael Abbels, are the owners of homes and property on Park Road in Oxford which either border, or have use of, a claimed right of way over Old English Lane. The defendant, Paul Vizzo, obtained a driveway permit from the defendant, town of Oxford, as a prelude to constructing a new house on property he owned on Park Road. The defendant, Paul Schreiber, is the first selectman of the town of Oxford. Although the proposed new home sits on Park Road, the proposed driveway exits from Old English Lane. The defendant also ultimately obtained a zoning permit and a building permit. The plaintiffs objected to the issuance of the permits and appealed the issuance of the zoning permit to the Oxford zoning board of appeals. The plaintiffs contend that the permit is invalid because Old English Lane is not an approved road. The board of appeals denied the plaintiffs' appeal and the plaintiffs appealed the action of the board to the Superior Court. SeeSciortino v. Oxford, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 074801. The appeal is currently pending.
Before the zoning appeal was decided by the board and prior to the appeal of the board's action to the Superior Court, the plaintiffs brought another action in Superior Court seeking a temporary and permanent injunction, restraining the defendants from proceeding with construction of the home during the appeal process. The second action was brought against the Vizzos,[1] the owners of the property, as well as the Oxford Planning and Zoning Commission and the town zoning enforcement officer. See Sciortino v. Oxford, Superior Court, judicial district of CT Page 14951 Ansonia / Milford at Milford, Docket No. 074346. The second action is also currently pending.
The plaintiffs have now brought this third action alleging substantially identical facts as those presented in the first two actions.[2] In this action the plaintiffs claim trespass to land, temporary and permanent injunction for trespass to land, trespass to chattels, unauthorized use of right of way and reverse imminent domain.[3]
The defendant, Paul Vizzo, has moved to dismiss the complaint on two grounds. The defendant claims that the action should be dismissed under the prior pending action doctrine. The defendant also claims that the court lacks jurisdiction as the plaintiffs have failed to exhaust their administrative remedies. A memorandum of law and copies of the complaints in the two previous actions have been filed in support of his motion. The plaintiffs have filed a memorandum in opposition to the motion to dismiss.
Practice Book § 10-31 provides, in part, "[a] motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991) "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction" Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). Although "the prior pending action rule does not truly implicate the subject matter jurisdiction of the court . . . the motion to dismiss [is] the proper device by which to request that the trial court dismiss the second action." (Citations omitted.) Halpern v. Board of Education,196 Conn. 647, 652 n. 4, 495 A.2d 264 (1985). The motion to dismiss is also the proper manner to raise failure of the plaintiff to exhaust administrative remedies. OG Industries, Inc. v. Planning ZoningCommission, 232 Conn. 419, 655 A.2d 1121 (1995)
"[I]n ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410-11,722 A.2d 271 (1999). "The plaintiff bears the burden of proving subject matter jurisdiction, whenever and however raised." Fink v. Golenbock,238 Conn. 183, 199 n. 13, 680 A.2d 1243 (1996) CT Page 14952
 I
"The prior pending action doctrine permits the court to dismiss a second case that raises issues currently pending before the court."Sandvig v. A. Debreuil and Sons, Inc., 53 Conn. App. 466, 469,730 A.2d 646, cert. denied, 250 Conn. 920, 738 A.2d 659 (1999). "The policy behind the prior pending action doctrine is to prevent unnecessary litigation that places a burden on our state's already crowded court dockets." (Internal quotation marks omitted.) Beaudoin v. Town Oil Co.,207 Conn. 575, 588, 542 A.2d 1124 (1988). "The pendency of a prior suit of the same character, between the same parties, brought to obtain the same end or object, is, at common law, good cause for abatement. It is so, because there cannot be any reason or necessity for bringing the second, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, and in the same jurisdiction." (Internal quotation marks omitted.) Halpern v. Board of Education, supra,196 Conn. 652-53; Modzelewski v. William Raveis Real Estate, Inc.,65 Conn. App. 708, 713-14 (2001). "The rule forbidding the second action is not, however, one of unbending rigor, nor of universal application, nor a principle of absolute law." Modzelewski v. WilliamRaveis Real Estate, Inc., supra, 714. This is because, in Connecticut, "joinder of claims and remedies is permissive rather than mandatory."Halpern v. Board of Education, supra, 652. The court "must examine the pleadings to ascertain whether the actions are virtually alike." (Internal quotation marks omitted.) Id., 653. Actions are "virtually alike" if the allegations contained in the complaints are similar, the actions arise from the same factual background and the damages sought overlap in that the prayers for relief seek to accomplish the same ends or objects. Id. The court must also determine "whether [the actions] are brought to adjudicate the same underlying rights." Cumberland Farms, Inc. v. Town ofGroton, 247 Conn. 196, 216, 719 A.2d 465 (1998). Actions adjudicate the same underlying rights if the issues in the second complaint were raised in the first complaint. Beaudoin v. Town Oil Co., supra, 588.
The court has examined the pleadings in all three files. The parties in all three matters are virtually identical.[4] In addition, the allegations contained in all three complaints are similar and do arise from the same factual background. The three actions, however, do not seek to accomplish the same ends or objects nor are they brought to adjudicate the same underlying rights.
The appeal from the decision of the Oxford zoning board of appeals[5]
"serves the remedial purpose of reviewing the propriety of the board's decision." Cumberland Farms, Inc. v. Town of Groton, supra, 247 Conn. 207. "An administrative appeal cannot provide a monetary remedy to the CT Page 14953 plaintiff." Id. The second action[6] seeks the equitable remedy of an injunction, restraining the defendants from engaging in construction activity on their lot while the administrative appeal is pending. In this action, the plaintiffs seek monetary damages for a claimed trespass by the defendants over the plaintiff's property, for the removal of, and damage to, trees, shrubs and other objects on the plaintiff's property
and for the unauthorized use of a right of way. (Emphasis added.) The plaintiffs also seek to enjoin the defendants from trespassing on theplaintiff's property in the future. (Emphasis added.) Finally, the plaintiffs ask for compensation from the town of Oxford for reverse eminent domain[7] for the taking of property known as Old English Lane which the plaintiffs claim to own. Distinct claims and distinct remedies not present in the previous two actions are sought. The three actions are not virtually alike nor do they seek to adjudicate the same rights. The prior pending actions, therefore, although similar in nature, do not prevent the current action.
In the interests of judicial economy, however, these claims should have been raised as additional counts in the second action.[8] To the extent that the issues in all three actions overlap, the parties should request consolidation of the cases, when appropriate. "Alternatively, [the parties should] employ the procedural tools of claim and issue preclusion to prevent duplicative litigation of the same issues or claims."Cumberland Farms, Inc. v. Town of Groton, supra, 247 Conn. 217. The motion to dismiss based on the prior pending action doctrine is denied.
 II
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Fish Unlimited v.Northeast Utilities Service Co., 254 Conn. 1, 11-12, 756 A.2d 262
(2000). "The exhaustion doctrine reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment. It also relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review." (Citations omitted; internal quotation marks omitted.) Simko v.Ervin, 234 Conn. 498, 503, 661 A.2d 1018 (1995). "Although the general rule is that if an adequate administrative remedy exists, it must be exhausted, like any other general rule, the rule of exhaustion of administrative remedies is subject to some exceptions, although [Connecticut courts have] recognized such exceptions only infrequently and only for narrowly defined purposes." (Internal quotation marks CT Page 14954 omitted.) Cummings v. Tripp, 204 Conn. 67, 81, 527 A.2d 230 (1987).
A review of the allegations of the complaint reveals that, although the claims raised by the plaintiffs do arise as a result of the actions of the Oxford zoning board of appeals, a determination of the pending appeal of the action of the board will not resolve the claims raised by the plaintiffs. This is not a situation where a party "bring[s] an independent action to test the very issue which the [zoning] appeal was designed to test." (Internal quotation marks omitted.) LaCroix v. Board ofEducation, 199 Conn. 70, 78, 505 A.2d 1233 (1986)
As stated in Part I of this opinion, in this action, the plaintiffs seek monetary damages for a claimed trespass by the defendants over theplaintiff's property, for the removal of, and damage to, trees, shrubs and other objects on the plaintiff's property and for the unauthorized use of a right of way which the plaintiffs claim to own. The plaintiffs also seek to enjoin the defendants from trespassing on the plaintiff'sproperty in the future. (Emphasis added.) The administrative appeal deals with the propriety of the issuance of a zoning permit given to Paul Vizzo, which ultimately allowed him to obtain a building permit, to construct a house on his property. (Emphasis added.) Issues raised in this matter are not covered in the pending administrative appeal. In addition, exhaustion of administrative remedies is not required where the administrative remedy would be futile or inadequate. See Maresca v.Ridgefield, 35 Conn. App. 769, 647 A.2d 751 (1994). "An administrative remedy is futile or inadequate if the agency is without authority to grant the relief requested." Fish Unlimited v. Northeast UtilitiesService Co., supra, 254 Conn. 14. "Money damages are not an available remedy in an administrative action." Raymond v. Rock Acquisition LimitedPartnership, 50 Conn. App. 411, 418, 717 A.2d 824 (1998). Therefore, even if the issues raised in this action were the same as the issues raised in the pending administrative appeal, the court could not award money damages to the plaintiff in the administrative appeal.
As to the plaintiffs' claim for compensation for "reverse eminent domain,"[9] the Connecticut Supreme Court has held that an action for inverse condemnation can be brought prior to the completion of the administrative appeal, as the actions are distinct and raise distinct remedies. See Cumberland Farms, Inc. v. Town of Groton, supra,247 Conn. 216.
 A plaintiff's administrative appeal serves the remedial purpose of reviewing the propriety of the board's decision. . . . By contrast, in an inverse condemnation action, a plaintiff alleges that a regulatory action constitutes a taking for CT Page 14955 constitutional purposes and seeks compensation for the alleged taking. An inverse condemnation action does not concern itself with the propriety of the board's action. The only inquiry is whether a taking has, in fact, occurred. If the board's action resulted in a taking, the inverse condemnation action will determine the amount of compensation due. Although action by the Superior Court favorable to the plaintiff in the plaintiff's administrative appeal might eliminate the plaintiff's claim of compensation for a complete taking, the plaintiff might nonetheless be entitled to compensation for the temporary taking that wrongly denied the plaintiff's use of its property while the appeal was pending." (Citations omitted, internal quotation marks omitted.) Id., 207-08. An action for inverse condemnation is an exception to the rule requiring exhaustion of administrative remedies. Id. 205.
Construing the allegations of the complaint in a manner most favorable to the plaintiff, Lawrence Brunoli, Inc. v. Branford, supra,247 Conn. 410-11, the motion to dismiss the complaint, on the ground of failure of the plaintiffs to exhaust their administrative remedies, is also denied.
The Court
By Curran, J.